■ RONALD WOLKEN, Appellant, v. E. W. HOWELL Co., Defendant and Third-Party Plaintiff-Respondent. HERBERT A. PENNER & Co., INC., Third-

Party Defendant-Respondent.— In a negligence action to recover damages for personal injuries, plaintiff appeals from so much of an order of the Supreme Court, Queens County, dated August 14, 1972, as, on reargument, (1) adhered to the original decision denying plaintiff's prior motion for a protective order vacating a notice of discovery and inspection by the third-party defendant, (2) directed all the parties to exchange the names and addresses of all witnesses and (3) directed plaintiff to produce for inspection and copying by the third-party defendant of any and all photographs taken at the scene of the accident on the date of the occurrence. Order affirmed insofar as appealed from, without costs. Disclosure of the names and addresses of eyewitnesses to the accident, learned by plaintiff in a postaccident investigation, should be made to the third-party defendant, as an exception to the general rule of nonavailability of work product to an adversary (see *Zellman* v. *Metropolitan Transp. Auth.*, 40 A D 2d 248). Photographs taken of the scene of the accident on behalf of plaintiff are material prepared for litigation. Such material can no longer be duplicated because : change in conditions; and withholding it will result in injustice or undue hardship and, therefore, it is subject to disclosure (CPLR 3101, subd. [d]; *Saccente* v. *Toierhi*, 35 A D 2d 692). Hopkins, Acting P. J., Munder, Gulotta, Brennan and Benjamin, JJ., concur.