## (December 20, 1976)

■ EDITH BINKE, as Administratrix of the Estate of JEFFREY BLOOM, Deceased, et al., Appellants, v GOODYEAR TIRE AND RUBBER COMPANY et al., Respondents, et al., Defendants.—In an action to recover damages for (1) the wrongful death of Jeffrey Bloom, and for his conscious pain and suffering, and (2) the personal injuries allegedly sustained by plaintiff Michael Weiner, plaintiffs appeal from four orders of the Supreme Court, Kings County, as follows: (1) an order dated April 10, 1975, which, *inter alia,* granted the motion of defendants General Motors Corporation (GM) and Goodyear Tire and Rubber Company (Goodyear) for the discovery and inspection of (a) a certain automobile and parts thereof and (b) reports or opinions prepared by experts which reflect alleged defects in the said automobile or its parts; (2) as limited by plaintiffs' brief, from so much of a further order, dated June 18, 1975, as, upon reargument, adhered to the prior determination, except with respect to the date of the examination; (3) an order dated March 30, 1976, which granted separate motions of GM and Goodyear to vacate plaintiffs' notice to produce and notice of discovery and inspection; and (4) an order dated May 14, 1976, which granted GM's motion for a protective order. Appeal from the order dated April 10, 1975 dismissed as academic, without costs or disbursements. That order was superseded by the order of June 18, 1975. Order dated June 18, 1975 modified by adding thereto, after the provision that "the prior order in all other respects is adhered to", the following: "except that the motion is granted to the extent that the provisions in the prior order directing plaintiffs to produce reports or opinions of experts which reflect the condition of the automobile or its parts is deleted therefrom." As so modified, order affirmed insofar as appealed from, without costs or disbursements. The discovery and inspection shall take place at the location set forth in the order of June 18, 1975, at such time as shall be fixed in a written notice of not less than 10 days, to be given by Goodyear, or at such other time or place as the parties may agree. Orders dated March 30, 1976 and May 14, 1976 affirmed, without costs or disbursements. Defendants GM and Goodyear are entitled to inspection and discovery of the automobile and tire alleged to have caused the vehicle in question to leave the traveled portion of the road and strike a tree. It would be unjust to require the defendants to defend the action without the aid of those items. Since the photographs in issue can no longer be duplicated, a withholding of the same would also result in injustice and hardship; they are, therefore, subject to disclosure (see *Wolken v Howell Co.,* 41 AD2d 545; *Wasmuth v Hinds-Toomey Auto Corp.,* 39 AD2d 723; see, also, CPLR 3101, subd [d]). The report, prepared by plaintiffs' expert, as an adversary's work-product, should not have been made available. The orders of March 30, 1976 and May 14, 1976 did not constitute an improvident exercise of discretion. Martuscello, Acting P. J., Latham, Cohalan, Margett and Shapiro, JJ., concur.