■ BRET BARBER et al., Respondents, v TOWN OF NORTHUMBERLAND et al., Appellants. TOWN OF NORTHUMBERLAND et al., Third-Party Plaintiffs-Respondents, v JOHN STROHL, as Superintendent of Highways of Saratoga County, et al., Third-Party Defendants-Appellants. — Appeals from an order of the Supreme Court at Special Term (Walsh, Jr., J.), entered February 20, 1981 in Saratoga County, which granted plaintiffs' motion for a protective order and denied third-party defendants' cross motion for discovery and inspection. In this action, plaintiffs seek damages for personal injuries sustained by Bret Barber in a one-car automobile accident alleged to have been caused by the negligent maintenance of a roadway in the Town of Northumberland. The town impleaded third-party defendants. Defendant town served plaintiffs with a notice for discovery and inspection of certain photographs taken shortly after the accident depicting the accident scene. Plaintiffs moved for a protective order and third-party defendants cross-moved for an order compelling production for discovery, inspection and duplication of the photographs. Special Term, by an order without written decision, granted plaintiffs' motion for a protective order and denied third-party defendants' cross motion for discovery and inspection. These appeals ensued. The issue here is whether the photographs and motion pictures of the accident scene constitute attorney's work product or material prepared for litigation and are thus exempt from discovery pursuant to CPLR 3101 (subds [c], [d]). The accident occurred on April 23, 1979. The photographs were taken by one of plaintiffs' attorneys on May 2, 1979 and on several unspecified succeeding dates through April 27, 1981. The rules governing disclosure of evidence have been the subject of dramatic change since the decision of the Supreme Court in *Hickman v Taylor* (329 US 495). Federal courts have since permitted plaintiffs to obtain photographs of an accident scene from defendants (see *Nickels v United States,* 25 FRD 210). The enactment of CPLR 3101 broadened the scope of disclosure by mandating full

disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof, with three specific exceptions: (1) privileged matter (CPLR 3101, subd [b]); (2) attorney's work product (CPLR 3101, subd [c]); and (3) material prepared for litigation (CPLR 3101, subd [d]). In *Allen v Crowell-Collier Pub. Co.* (21 NY2d 403), the Court of Appeals held that the words "material and necessary" are to be liberally interpreted to require disclosure of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test given is "one of usefulness and reason". The issue then becomes whether the evidence sought is protected from disclosure, as privileged, attorney's work product, or material prepared for litigation. Photographs taken of the scene of an accident are obviously material prepared for litigation, and generally are taken at the instance of an attorney. However, if such material can no longer be duplicated because of change of conditions of the accident scene, and if withholding them will result in unjust or undue hardship, they are subject to disclosure (*Binke v Goodyear Tire & Rubber Co.,* 55 AD2d 632; *Wolken v Howell Co.,* 41 AD2d 545). If the subject sought to be disclosed is information obtained by an attorney and conveyed to a client or witness by the attorney, it will not be protected as privileged (*Kenford Co. v County of Erie,* 55 AD2d 466). Here, the subject photographs were taken by an attorney in the firm representing plaintiffs during a period commencing nine days after the date of the accident and on undisclosed occasions thereafter. Defendants were not notified of the accident until July 17, 1979 when a notice of claim was served. The gravamen of defendants' alleged negligence is improper maintenance of the roadway including failure to cut and trim vegetation and foliage which failure reduced visibility at the intersection where the accident occurred. Obviously, the conditions are material and relevant to the issue of liability, and necessary in preparation of the defense of the action. Conditions have changed making duplication of the scene impossible. An unfair and unjust advantage would result from nondisclosure. There should be disclosure of photographs taken by plaintiffs on May 2, 1979 and on successive dates until July 17, 1979, the date when defendants first learned of the accident (*Foremost Ins. Co. v 3 Grace Ave.,* 58 AD2d 590; *Binke v Goodyear Tire & Rubber Co.,* 55 AD2d 632, *supra; Wolken v Howell Co.,* 41 AD2d 545, *supra*), upon the condition that defendants and third-party defendants make full disclosure to plaintiffs of any and all photographs taken by them during the same period, if any, or at their instance, of the accident scene and approaches thereto on Rugg Road (see *Mudge v Hughes Constr. Co.,* 16 AD2d 106). There shall be no discovery of motion pictures made at plaintiffs' instance. Both defendants and third-party defendants stipulated upon oral argument that they consent to the testimony of attorney John Coseo, without danger of disqualification (Code of Professional Responsibility, DR 5-101, 5-102), should his testimony be offered for the purpose of introduction of such photographs as evidence upon trial. Order reversed, on the law and the facts, without costs; motion by plaintiffs denied and cross motion by third-party defendants granted; plaintiffs are directed to produce photographs of the accident scene taken between May 2, 1979 and July 17, 1979, for inspection and duplication, upon condition plaintiffs have discovery of all photographs of the accident scene and approaches thereto on Rugg Road taken by defendants and third-party defendants during the same period. Mahoney, P. J., Sweeney, Casey, Yesawich, Jr., and Weiss, JJ., concur.