■ BRET BARBER et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 63927.) — Appeal from an order of the Court of Claims (Murray, J.), entered September 3, 1981, which, *inter alia,* denied defendant's cross motion for discovery and reproduction of certain photographs. The accident of April 23, 1979, giving rise to this claim, is the same as that involved in the action pending in Supreme Court, Saratoga County, brought by claimants here against the Town of Northumberland and Bernard Shaw. An appeal from an order of the Supreme Court at Special Term which denied disclosure of certain photographs of the accident scene taken on May 2, 1979 and on occasions thereafter by one of claimants' attorneys is also before this court (see *Barber v Town of Northumberland,* 88 AD2d 712). In this claim, defendant State of New York is charged with the negligent maintenance of Rugg Road at or near its intersection with Route 32 in the Town of Northumberland, Saratoga County, by failing to properly mark, delineate and identify the course of Rugg Road and its intersection with Route 32, and, among other alleged acts or omissions, in allowing the vegetation and foliage at the intersection to obscure and conceal an existing "yield" sign. Defendant was not given notice of the accident until claimants filed a notice of intention to file this claim on July 18, 1979. The photographs in question were taken in the intervening period of almost three months, during which time conditions could well have changed before defendant could investigate the accident scene, thus making it impossible for defendant to effectively investigate the accident. For the reasons stated in our decision in *Barber v Town of Northumberland* (*supra*), the order should be modified to permit discovery and reproduction of those photographs of the

accident scene and Rugg Road taken by or on behalf of claimants in the period May 9, 1979 to July 18, 1979. Defendant shall simultaneously produce for discovery and reproduction by claimants any and all photographs of the scene of the accident and approach thereto on Rugg Road in defendant's possession. Order modified, on the law and the facts, by reversing so much thereof as denied defendant's cross motion for discovery and inspection of certain photographs, and motion granted in accordance with this decision, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Casey, Yesawich, Jr., and Weiss, JJ., concur.