■ DANIEL O'CONNELL et al., Respondents, v MARION JONES et al., Appellants

The instant action was commenced in June of 1984, *inter alia,* to recover damages for personal injuries sustained by the plaintiff Daniel O'Connell on January 2, 1984, when he was allegedly caused to slip and fall due to ice on the sidewalk in front of the premises owned by the defendants. The complaint alleged that the dangerous condition of the sidewalk continued for several days after the accident. The defendants sought discovery and inspection of photographs taken of the accident site on behalf of the plaintiffs three days after its occurrence. The court erred in denying the defendants' motion on the ground that disclosure of the photographs would prejudice the trial strategy of the plaintiffs' attorney.

Pursuant to the statutory provision applicable to this action, the subject photographs are material prepared for litigation and conditionally immune from disclosure *(see,* former CPLR 3101 [d]). However, if photographs can no longer be duplicated because of a change of conditions of the accident scene, and if withholding them will result in unjust or undue hardship, they are subject to disclosure *(see, Barber v Town of Northumberland,* 88 AD2d 712; *Binke v Goodyear Tire & Rubber Co.,* 55 AD2d 632; *Wolken v Howell Co.,* 41 AD2d 545; *Pinn v Supermarkets Gen. Corp.,* 104 Misc 2d 1112, 1115). Here, it is obvious that photographs taken of the scene of the accident at a time when the allegedly icy condition existed can no longer be duplicated. Since the gravamen of the defendants' alleged negligence is the creation of a dangerous condition by actively removing snow from the icy covering of the walkway, the condition of the sidewalk is material and relevant to the issue

of liability and necessary in the preparation of a defense. Nondisclosure of the photographs would result in undue hardship to the defendants and an unjust advantage to the plaintiffs. Consequently, the photographs are subject to disclosure *(see, Barber v Town of Northumberland, supra)*. Bracken, J. P., Kunzeman, Rubin and Spatt, JJ., concur.