■ CRAZYTOWN FURNITURE, INC., Respondent, v BROOKLYN UNION GAS COMPANY, Appellant. (Action No. 1.) DOLGIN ENTERPRISES, LTD., et al., Respondents, v BARGAIN-WARE HOLDING

CORP. et al., Respondents, and BROOKLYN UNION GAS COM-PANY, Appellant. (Action No. 2.)—Appeal by the defendant Brooklyn Union Gas Company in action No. 1 from so much of an order of the Supreme Court, Kings County (Hurowitz, J.), dated October 28, 1987, as directed it to produce reports of the incident "within or by" its claims department.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the plaintiff-respondent in action No. 1 and the plaintiffs-respondents in action No. 2, appearing separately and filing separate briefs; and it is further,

Ordered that Brooklyn Union Gas Company's time to supply the reports in question to the respondents is extended until 30 days after service upon it of a copy of this decision and order, with notice of entry.

The argument advanced by the Brooklyn Union Gas Company is that documents prepared by its claims department subsequent to the commencement of the underlying lawsuits constitute material prepared by a self-insurer for litigation and, hence, are immune from discovery pursuant to CPLR 3101 (d) (2). CPLR 3101 (g) provides for full disclosure of any written report of an accident prepared in the regular course of business unless prepared by a police or peace officer for a criminal investigation or prosecution. Taken together, the effect of CPLR 3101 (d) (2) and 3101 (g) is to authorize the disclosure of an accident report made in the regular course of business even if it has been made solely for purposes of litigation (*Miranda v Blair Tool & Mach. Corp.,* 114 AD2d 941, 942; *Pataki v Kiseda,* 80 AD2d 100, *lv dismissed* 54 NY2d 831). The burden of proving that a written statement of an accident is exempt from disclosure because it was made solely for purposes of litigation is on the party opposing discovery (*Matos v Akram & Jamal Meat Corp.,* 99 AD2d 527, 528; *Viruet v City of New York,* 97 AD2d 435, 436).

In the instant case, the Brooklyn Union Gas Company has failed to present any evidence to sustain that burden. The conclusory allegations of its counsel do not suffice (*see, Viruet v City of New York,* 97 AD2d 435, *supra).* The record fails to reflect the number of reports which were made, the authors and recipients of those reports, whether or not they were prepared at the suggestion of counsel or whether they were in fact created in anticipation of litigation or for some other purpose. It is well settled that multipurpose reports are not exempt from disclosure under CPLR 3101 (d) (2) where litigation is but one of the motives for their preparation (*Landmark*

*Ins. Co. v Beau Rivage Rest.,* 121 AD2d 98, 102; *Westhampton Adult Home v National Union Fire Ins. Co.,* 105 AD2d 627, 628).

Under the circumstances, the Supreme Court did not improvidently exercise its discretion in permitting discovery of the subject reports *(see, Plattsburgh Distrib. Co. v Hudson Val. Wine Co.,* 108 AD2d 1043, 1045; *Nitz v Prudential-Bache Sec.,* 102 AD2d 914, 915). Mollen, P. J., Brown, Kunzeman and Kooper, JJ., concur.