■ MICHAEL CHAKMAKJIAN, Plaintiff, v NYRAC, INC., Doing Business as BUDGET RENT A CAR OF NEW YORK CITY, Defendant and Third-Party Plaintiff-Appellant. GENERAL MOTORS CORPORATION, Third-Party Defendant-Respondent, et al., Third-Party Defendant.—In an action to recover damages for personal injuries, the defendant and third-party plaintiff, NYRAC, Inc., doing business as Budget Rent A Car of New York City, appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Hentel, J.), dated May 8, 1989, as denied stated portions of its motion for a protective order with respect to interrogatories and a notice of discovery and inspection of the third-party defendant General Motors Corporation.

Ordered that the order is modified, by deleting the provision thereof denying that branch of the defendant and third-party plaintiff's motion which was for a protective order with regard to item number 16 of the notice for discovery and inspection and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the appellant's time to comply with the notice of discovery and inspection except item number 16, and to answer the subject interrogatories is extended until 30 days after service upon it of a copy of this decision and order, with notice of entry.

We agree with the Supreme Court's determination that in seeking a protective order with regard to the interrogatories and notice of discovery and inspection of General Motors Corporation, the appellant failed to discharge its burden of establishing that the information sought was privileged or otherwise exempt from disclosure. Neither the contention that the appellant is a self-insurer nor the further allegation that the appellant's attorneys have conducted all investigations into the subject matter of the lawsuit warrants the application of the blanket immunity pursuant to CPLR 3101 (d) (2) which it apparently seeks.

As we have recently observed, "CPLR 3101 (g) provides for full disclosure of any written report of an accident prepared in the regular course of business unless prepared by a police or peace officer for a criminal investigation" (*Crazytown Furniture v Brooklyn Union Gas Co.,* 145 AD2d 402, 403). Accordingly, "[t]aken together, the effect of CPLR 3101 (d) (2) and 3101 (g) is to authorize the disclosure of an accident report made in the regular course of business even if it has been made solely for purposes of litigation" (*Crazytown Furniture v Brooklyn Union Gas Co., supra,* at 403; *see also, Miranda v Blair Tool & Mach. Corp.,* 114 AD2d 941, 942; *Pataki v Kiseda,* 80 AD2d 100). Moreover, "[i]t is well settled that multipurpose reports are not exempt from disclosure under CPLR 3101 (d) (2) where litigation is but one of the motives for their preparation" (*Crazytown Furniture v Brooklyn Union Gas Co., supra,* at 403; *Landmark Ins. Co. v Beau Rivage Rest.,* 121 AD2d 98, 102; *Westhampton Adult Home v National Union Fire Ins. Co.,* 105 AD2d 627, 628).

Viewed within the context of the foregoing, it was incumbent upon the appellant in seeking a protective order to particularize its objections with reference to any claims of privilege by identifying "the number of reports which were made, the authors and recipients of those reports, whether or not they were prepared at the suggestion of counsel or whether they were in fact created in anticipation of litigation or for some other purpose" (*Crazytown Furniture v Brooklyn Union Gas Co., supra,* at 403). The conclusory allegation that the appellant is a self-insurer or that its attorneys have handled all investigations made with regard to the subject matter of the lawsuit is insufficent to discharge the foregoing burden. Contrary to the appellant's contentions, the Supreme Court properly concluded that photographs of the accident scene and the accident vehicle, which can no longer be duplicated, were subject to discovery so as to avoid undue hardship

to General Motors Corporation *(see, e.g., O'Connell v Jones,* 140 AD2d 676). However, item number 16 of its notice of discovery and inspection is overbroad and of questionable relevance to the issues involved, inasmuch as it seeks, without limitation, the entire personnel file of each employee servicing the vehicle prior to the accident in question. Accordingly, item number 16 should have been stricken from the notice for discovery and inspection as improper.

Finally, we note that the instructions preceding the interrogatories contain a statement that, "[e]ach interrogatory is addressed to the personal knowledge of not only the [appellant], but knowledge and information of [the appellant's] attorneys". Although we have, with one exception, sustained the Supreme Court's disposition of the appellant's motion, our holding should not be construed as approving the use of broad, prefatory language purporting to require disclosure of "knowledge and information" possessed by an adversary's attorney. Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.