■ BROOKLYN LAW SCHOOL, Respondent, v RAYBON, INC., et al., Defendants, and KEENE BUILDING PRODUCTS CORPORATION et al., Appellants.—Order, Supreme Court, New York County (Stanley L. Sklar, J.), entered July 11, 1989, which, *inter alia,* denied the motion and cross-motion of the appealing defendants to dismiss the first, third, fifth and seventh causes of action of the amended complaint, is unanimously reversed, on the law, and on the facts, to the extent appealed from, motion and cross-motion granted to dismiss the third and fifth causes of action of the amended complaint (based on a decided matter, time to appeal has expired), without costs. Appeal from the order of the same Court and Justice, entered September 13, 1990, which denied the motion and cross-motion of the appealing defendants for leave to renew, is unanimously dismissed as subsumed in the appeal from the prior order of the same Court and Justice, entered July 11, 1989, without costs.

In 1987, in Kings County, Brooklyn Law School (plaintiff) commenced an action against twenty-seven defendants to recover the cost of repair and reconstruction of a building, as a result of the alleged use of asbestos products by the defendants in the construction of that building.

Prior to answering, appealing defendants, Keene Building Products Corporation, Empire-Ace Insulation Mfg., Inc., Uniroyal, Inc., Combustion Engineering, Inc., Armstrong World Industries, Inc., H.K. Porter Co., Inc., Owens-Corning Fiberglass Corporation, Fiberboard Corporation, Westinghouse Elec-

tric Corp., The Flinkote Company, Asbestos Corporation of America, Caristo Construction Corp., Eagle-Picher Industries, Inc. and Celotex Corporation, moved to dismiss the complaint, containing six causes of action. By order, Supreme Court, Kings County (Joseph J. Dowd, J.), entered April 6, 1988, the IAS Court, *inter alia,* granted the motion, dismissed causes of action for negligence, strict liability, statutory liability, punitive damages, breach of implied warranty, and breach of express warranty, only granted plaintiff leave to replead as to the statutory liability, breach of implied warranty, and breach of express warranty causes of action, and transferred the matter to New York County. Plaintiff did not appeal.

Subsequently, in New York County, plaintiff filed an amended complaint, dated June 2, 1988, against all the defendants, containing eight causes of action, as follows: (1) restitution, (2) continuing nuisance, (3) negligence, (4) fraud and misrepresentation, (5) strict liability, (6) implied warranty, (7) express warranty, and (8) conspiracy. In response, the appealing defendants moved and cross-moved to dismiss the amended complaint, and particularly the third (negligence) and fifth (strict liability) causes of action of same, upon the ground that those two causes of action are barred, under the doctrine of the law of the case, by the prior order of the Supreme Court, Kings County, entered April 6, 1988, discussed *supra.* By order, Supreme Court, New York County (Stanley L. Sklar, J.), entered July 11, 1989, the Motion Court, *inter alia,* denied the motion and cross-motion to dismiss the first, third, fifth and seventh causes of action of the amended complaint. Thereafter, by order of the same Court and Justice, entered September 13, 1990, the motion and cross-motion of the appealing defendants for leave to renew was denied.

Although defendants, Eagle-Picher Industries, Inc., and Celotex Corporation filed notices of appeal, they are not participating in the appeal, since they have filed for bankruptcy.

After our review of the record, we find that the third (negligence) and fifth (strict liability) causes of action of the amended complaint are barred by the doctrine of law of the case at the Trial Court level, and therefore we find that Justice Sklar erred in denying the motion and cross-motion to dismiss them *(Martin v City of Cohoes,* 37 NY2d 162, 165 [1975], *rearg denied* 37 NY2d 817 [1975]; *Belcher Co. v City of New York,* 157 AD2d 585, 586 [1st Dept 1990]). While "the doctrine of the law of the case does not bind an appellate court with respect to an earlier decision by [a Motion Court]" *(DFI Communications v Golden Penn Theatre Ticket Serv.,* 87

AD2d 778, 779 [1st Dept 1982]), since we find that the Supreme Court, Kings County, held that plaintiff could not assert viable causes of action for negligence and strict liability, "it was incumbent upon [plaintiff] to challenge that ruling on appeal. Having failed to do so [plaintiff is] now precluded by *res* judicata from repleading against the dismissed parties" *(Feigen v Advance Capital Mgt. Corp.,* 146 AD2d 556, 558-559 [1st Dept 1989]; *see also, Barrett v Kasco Constr. Co.,* 56 NY2d 830, 831 [1982]).

Insofar as we find that the identical parties and the same issues, as to causes of action for negligence and strict liability, were involved in both the Kings County and New York County actions, and that those issues were decided against plaintiff on the merits, the doctrine of *res judicata* applies *(Smith v Russell Sage Coll.,* 54 NY2d 185, 192-194 [1981]).

Accordingly, we reverse the order, Supreme Court, New York County, entered July 11, 1989, to the extent appealed from, and grant the motion and cross-motion of the appealing defendants to dismiss the third and fifth causes of action of the amended complaint. Concur—Sullivan, J. P., Milonas, Wallach, Ross and Kassal, JJ. *[See,* 143 Misc 2d 237.]