■ JOAN V. HARRIS, Respondent, v PAUL HIRSH, Appellant. [601 NYS2d 275] —Judgment, Supreme Court, Bronx County (Hansel McGee, J.), entered May 7, 1992, which, after jury trial, awarded plaintiff $1,205,420, and order, same court and Justice, entered February 22, 1993, which denied defendant's motion to set aside the verdict, unanimously reversed, on the law, without costs, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

The parties were employees of Metro-North Commuter Railroad ("Metro-North"), defendant a supervisor and plaintiff a crew dispatcher. The complaint alleges that on July 16, 1986, in the presence of two intermediate supervisors, defendant asked if plaintiff had a problem and suggested that she might

be taking drugs. Plaintiff then brought this action for slander. Defendant in his answer pleaded, among his defenses, lack of subject matter jurisdiction, arguing that the slander claim was preempted by the Railway Labor Act (RLA; 45 USC § 151 *et seq.*). Justice Anita Florio dismissed that defense on November 23, 1987. Defendant, however, denied having been served with the order and, on April 1, 1992, after jury selection, moved for dismissal on the same grounds. Justice McGee found no preemption and denied the motion.

An objection to subject matter jurisdiction may be taken at any stage of an action, including on appeal *(Marine Midland Bank v Bowker,* 89 AD2d 194, 195-196, *affd* 59 NY2d 739; *Matter of Anthony J.,* 143 AD2d 668, 669). Whether or not Justice McGee was bound by Justice Florio's order as the law of the case, this Court may reverse his order if it is substantively incorrect *(Post v Post,* 141 AD2d 518, 519). It is substantively incorrect.

In *Angelo v Metro-N. Commuter R. R.* (193 AD2d 525), this Court held that pursuant to the RLA the State common-law remedies which might otherwise be invoked were preempted. There, a Metro-North policeman had been accused of stealing and, after a disciplinary hearing, was found guilty and dismissed from the force. On appeal to the Railroad Adjustment Board, however, the Board Referee held that the misconduct had not been proved. The policeman was ordered reinstated. He then brought an action in the State court for malicious prosecution; but this Court dismissed his complaint, holding that the dispute between the parties was a " 'minor dispute' " within the meaning of the statute, and was "to be resolved exclusively by means of the procedures set forth in the Act" and that State common-law remedies which might otherwise be invoked were preempted (193 AD2d, *supra,* at 527-528).

As in *Angelo,* the dispute here is one growing out of a grievance and "indisputably arises out of the employment relation between the plaintiff and * * * Metro-North" *(supra,* at 527); despite the allegation of irregularities in the disciplinary process, any misfeasance is no less related to the collective bargaining agreement, and the allegations thereof must be considered a "minor dispute" within the meaning of the RLA and cannot be asserted as a basis for a common-law claim. Nor is the discharge of the employee or the filing of formal charges a prerequisite for preemption.

Since the State courts lack subject matter jurisdiction, the remaining questions raised by defendant need not be consid-

ered. Concur—Milonas, J. P., Rosenberger, Rubin and Nardelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD REID, Appellant. [602 NYS2d 523] —Judgment, Supreme Court, Bronx County (Frank Diaz, J.), rendered May 8, 1991, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.