■ VIVITORIAN CORPORATION, Plaintiff, v FIRST CENTRAL INSURANCE COMPANY et al., Defendants. (Action No. 1.) VIVITORIAN CORPORATION, Respondent, v BROOKLYN UNION GAS COMPANY, Appellant, et al., Defendants. (Action No. 2.) [610 NYS2d 604] —In two related actions, *inter alia,* to recover property damages, Brooklyn Union Gas Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Posner, J.), dated April 2, 1992, as denied its motion pursuant to CPLR 3103 for a protective order.

Ordered that the order is affirmed insofar as appealed from, with costs.

A building owned by the plaintiff in Queens was destroyed by a fire in January 1989. The plaintiff, alleging that the appellant caused the fire by failing to repair the pipes in the building in a workmanlike manner, commenced an action to recover for damages to the property and served a notice upon the appellant seeking disclosure of any investigative reports concerning the fire. The appellant moved for a protective order on the ground that the requested material was exempt from disclosure pursuant to CPLR 3101 (d) (2) because it was prepared by its claims department "solely in anticipation of a lawsuit or to defend an existing claim as in this case".

As the party seeking to preclude discovery, the appellant

had the burden of proving that the material was not discoverable *(see, Crazytown Furniture v Brooklyn Union Gas Co.,* 145 AD2d 402; *see also, Spectrum Sys. Intl. Corp. v Chemical Bank,* 78 NY2d 371; *Koump v Smith,* 25 NY2d 287). We find that the Supreme Court did not improvidently exercise its discretion by denying the appellant's request for a protective order. Pursuant to CPLR 3101 (g), accident reports prepared in the regular course of business operations or practices are discoverable, even if made solely for the purpose of litigation *(see, Crazytown Furniture v Brooklyn Union Gas Co., supra; Miranda v Blair Tool & Mach. Corp.,* 114 AD2d 941; *Pataki v Kiseda,* 80 AD2d 100). The appellant failed to meet its burden of establishing that the material was not prepared in the regular course of business *(see, Crazytown Furniture v Brooklyn Union Gas Co., supra; see also, Chakmakjian v NYRAC, Inc.,* 154 AD2d 644).

The appellant's argument that certain matters should be redacted from the report was not timely raised in the Supreme Court, and we decline to reach it on appeal. Lawrence, J. P., O'Brien, Joy and Florio, JJ., concur.