■ YARON KAPLAN, Respondent, v SHLOMO EINY et al., Appellants, et al., Defendant. SHLOMO EINY, et al., Third-Party Plaintiffs-Appellants, v ROBERT ELEVATOR COMPANY, INC., Third-Party Defendant-Respondent. YARON KAPLAN, Appellant, v SHLOMO EINY et al., Respondents. (And a Third-Party Action.) [618 NYS2d 777] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered September 27, 1993, which denied plaintiff's motion to confirm a certain report of a

Special Referee with modifications and granted the cross-motion of the Einy defendants to confirm the report in its entirety, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the cross-motion is denied.

Order, same court (Lorraine Miller, J.), entered on or about April 14, 1994, which directed the Einy defendants to provide additional disclosure that had been previously denied by the initial IAS Justice, unanimously affirmed, with costs.

This is a personal injury action in which plaintiff, a resident of 700 West End Avenue (the "Premises"), suffered severe injuries when he stepped through the open service elevator doors and fell down the elevator shaft. The Einy defendants (Shlomo, Uzi and Rachel) own the building and defendant Robert Elevator Company, Inc. apparently serviced the elevator.

During plaintiff's deposition of defendant Uzi Einy, defendant's counsel was obstructive and argumentative, frequently directed his client not to answer pertinent questions, refused to authenticate defendant's photographs of the accident scene, and, at one point, refused to allow his client to spell the name of his co-defendant brother.

Although defendants pleaded an affirmative defense of workers' compensation, defense counsel refused to allow his client to provide answers as to the issuance of W-2 forms by defendants' real estate businesses and Mr. Einy's memory became sketchy as to whether the building had a superintendent during the year of the accident, and as to the existence and location of payroll records as well as the names of other employees who might have knowledge of the accident. Similarly, despite exhibits addressed to an entity known as Salomon Realty regarding the Premises, Mr. Einy denied ever having heard of that entity, although he later admitted being its co-owner.

In addition, because the elevator had been repaired after the accident, plaintiff's counsel attempted to determine its condition immediately prior to the accident and sought to elicit: accident reports, post-accident repairs and any engineer's inspections conducted, at defendant's behest, prior to their purchase of the building. Defendant's counsel thereafter repeatedly objected and refused to allow his client to answer any questions regarding the last two inquiries.

Plaintiff then moved to compel disclosure (pursuant to CPLR 3124) and to preclude (pursuant to CPLR 3126). There-

after, Justice Moskowitz, pursuant to stipulation, appointed a Referee to supervise disclosure with the Referee to report to the court upon the completion of discovery.

The Referee's subsequent brief report, the substantive portion of which is approximately one-page long, is silent as to: the authentication of the photographs; business certificates for Salomon Realty as well as an affidavit clarifying its relationship to the building; inspection reports generated upon the purchase of the Premises; and the further deposition of Uzi Einy. These items of discovery were specifically requested by plaintiff.

Plaintiff moved to confirm the report with modifications, and requested the foregoing discovery which was not addressed in the Referee's report. Defendants cross-moved to confirm the report and maintained that by failing to address plaintiff's discovery demands, the Referee impliedly rejected them. Justice Moskowitz confirmed the report and refused to incorporate the modifications requested by plaintiff. Plaintiff thereafter filed a timely notice of appeal.

Plaintiff conducted the deposition of defendant Shlomo Einy on November 9 and 10, 1993 and again was prevented from questioning Mr. Einy on a number of relevant issues by defense counsel. It was established, however, that a number of business entities operated out of the building and that they shared employees. Plaintiff then conducted the deposition of non-party Zvi Einy and thereafter brought an Order to Show Cause to compel further disclosure, including the responses to inquiries concerning post-accident repairs and modifications, the continued deposition of Uzi Einy and the authentication of the elevator photographs. Defendants cross-moved for further disclosure and opposed plaintiff's motion on the grounds, *inter alia,* that post-accident repairs are not discoverable, that they were not obliged to authenticate photographs; and that plaintiff waived any further deposition of Uzi Einy.

In the interim, the case was transferred to Justice Lorraine Miller, who directed the attorneys to prepare a writing to dispose of the motions. The order provided, *inter alia:* for the continued disposition of Uzi Einy; the provision of evidence of post-accident repairs; the identification of the photographs; and the production of any unprivileged accident reports. Defendants subsequently appealed, contending that Justice Miller's order runs afoul of the doctrine of law of the case as it grants the same relief previously denied by Justice Moskowitz.

With regard to plaintiff's appeal of Justice Moskowitz' or-

der, it is well-established that the report of a Referee shall be confirmed whenever the findings contained therein are substantially supported by the record *(DiIorio v Gibson & Cushman,* 204 AD2d 167; *United States Trust Co. v Olsen,* 194 AD2d 481, 482) and the Referee has clearly defined the issues and resolved matters of credibility *(Plaza Funding Corp. v J. C. Dev. Corp.,* 155 AD2d 298; *Kardanis v Velis,* 90 AD2d 727).

Since the Referee's function of supervising disclosure had to do with resolving matters of credibility and there were no evidentiary hearings and no transcripts for the court to review (CPLR 3104 [d]), the court's concern, therefore, must shift to determining whether or not the Referee properly exercised her discretion.

While it may be appropriate to deem a request for relief to be denied when a Judge does not specifically grant it *(see, e.g., Belcher Co. v City of New York,* 157 AD2d 585), we disagree with the IAS Judge that a Referee's silence should be entitled to the same deference. In any event, the IAS Court should have reviewed the Referee's exercise of discretion and determined whether her report was incomplete, especially in light of defendants' dilatory tactics.

As to the merits of plaintiff's contentions and in view of the rule permitting broad disclosure (CPLR 3101 [a]; *Sands v News Am. Publ.,* 161 AD2d 30) we conclude that plaintiff's disclosure requests should have been granted. In the first instance, accident reports produced in the ordinary course of business are discoverable subject to in camera inspection as to privilege *(City of New York v Church St. Realty Assocs.,* 196 AD2d 698; *James v Metro N. Commuter R. R.,* 166 AD2d 266, 267-268).

The photographs taken by or on behalf of the defendants are discoverable as they can no longer be duplicated because of a change in the conditions of the accident scene *(Chakmakjian v NYRAC, Inc.,* 154 AD2d 644; *O'Connell v Jones,* 140 AD2d 676) and, in any event, defendants have conceded their discoverability by producing them. However, as the photographs are of no value unless they substantially depict the scene at the time of the accident *(Melendez v New York City Tr. Auth.,* 196 AD2d 460, 461; *Karten v City of New York,* 109 AD2d 126, 127), and since defendants were unable to state with certainty that the pictures were of the elevator door where plaintiff fell, defendants should have been directed to identify the photographer so that he or she may testify as to

when the photographs were taken and whether, in fact, they fairly and accurately depict the elevator in issue.

The continued deposition of Uzi Einy should have been granted in the exercise of discretion and in light of the fact that defense counsel, after the second day of testimony, had agreed to the continued deposition. Further, and contrary to defense counsel's assertions, the intentional nonappearance of plaintiff at the next scheduled session because necessary documents had not been provided to his attorney did not constitute a waiver of the continued deposition of Einy.

While the admission of evidence concerning post-accident repairs is generally not admissible absent certain exceptions *(Caprara v Chrysler Corp., 52 NY2d 114, 122)* and may not be admitted as proof of admission of negligence *(Two Stables v Cornelius, 145 AD2d 685, 687)*, such evidence is admissible herein so that plaintiff will be able to ascertain the condition of the elevator prior to the admitted modifications, this being especially necessary in light of the fact that defendants refuse to state that their own photographs represent the condition of the elevator doors at the time of the incident *(see, 2 McCormick, Evidence, at 202 [Practitioner's 4th ed 1992])*.

The request for further documents concerning Salomon Realty was properly denied as it appears defendants have provided adequate disclosure for that entity.

With regard to defendants' appeal of Justice Miller's order, the Order to Show Cause to compel further discovery was brought after plaintiff had deposed Shlomo and Zvi Einy and had learned that information which defense counsel had represented could be obtained from those witnesses was, in fact, not forthcoming. Thus, by the time reargument was sought, the situation had changed and the law of the case no longer bound Justice Miller.

Even if we were to conclude that Justice Miller was bound by the law of the case, we would affirm her order in the interest of achieving substantial justice *(see, Harris v Hirsh, 196 AD2d 425, affd 83 NY2d 734; Brooklyn Law School v Raybon, Inc., 175 AD2d 56; Post v Post, 141 AD2d 518)*. Concur —Sullivan, J. P., Carro, Nardelli, Williams and Tom, JJ.