BETTY FLOWERS, as Attorney-in-Fact for JOHN L. ROBINSON, Respondent-Appellant, v LYELL METAL CO., INC., Defendant, and HARRIS GROUP, a Subsidiary of AMDURA CORPORATION, Appellant-Respondent. [665 NYS2d 482] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court did not abuse its discretion in granting plaintiff's motion to compel disclosure pursuant to CPLR 3124. Plaintiff established that the requested documents and information are material and necessary with respect to the causes of action for negligence, strict products liability and breach of warranties (*see*, CPLR 3101 [a]). The court erred, however, in granting that part of the cross motion of defendant The Harris Group, a subsidiary of Amdura Corporation (Harris), seeking to protect from disclosure photographs of the accident scene taken by a representative of Harris several days after the accident. Although those photographs were taken in anticipation of litigation, they are subject to disclosure because the accident scene cannot be duplicated (*see, Kaplan v Einy*, 209 AD2d 248, 251; *Chakmakjian v NYRAC, Inc.*, 154 AD2d 644, 645-646; *O'Connell v Jones*, 140 AD2d 676), and plaintiff has demonstrated substantial need for the photographs (*see,* CPLR 3101 [d] [2]). We therefore modify the order by directing Harris to produce the photographs. (Appeals from Order of Supreme Court, Monroe County, Bergin, J.—Discovery.) Present—Pine, J. P., Lawton, Hayes, Wisner and Fallon, JJ.