■ ERIC POWELL, Appellant, v COUNTY OF WESTCHESTER et al., Respondents. [702 NYS2d 645] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Coppola, J.), entered January 21, 1999, which denied his motion denominated, in part, as one to renew but which was, in effect, one to reargue a prior motion for a nonbifurcated trial, and to compel disclosure of the "witness/courtesy cards" collected by Richard A. Lauricella, the defendant bus driver, from passengers following the subject accident.

Ordered that the appeal from so much of the order as was, in effect, to reargue a prior motion for a nonbifurcated trial is dismissed; and it is further,

Ordered that the order is reversed insofar as reviewed, and that branch of the motion which was to compel disclosure of the "witness/courtesy" cards is granted; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff is entitled to disclosure of the "witness/courtesy" cards which were collected by the defendant bus driver, Richard A. Lauricella, from passengers following the accident in which the plaintiff was allegedly injured. Lauricella collected the cards in the regular course of his business as a bus driver for the defendant Liberty Lines Transit, Inc. "Pursuant to CPLR 3101 (g), accident reports prepared in the regular course of business operations or practices are discoverable, even if made solely for the purpose of litigation" (*Vivitorian Corp. v First Cent. Ins. Co.,* 203 AD2d 452, 453; *Culbert v City of New York,* 254 AD2d 385).

That branch of the plaintiff's motion which was purportedly to renew so much of his prior motion which was for a nonbifurcated trial was not based upon any additional facts and was properly deemed by the Supreme Court to be one for reargument. No appeal lies from the denial of reargument (*see, Foley v Roche,* 68 AD2d 558). Joy, J. P., Altman, Goldstein and Schmidt, JJ., concur.