MARIA FAVA et al., Respondents, v CITY OF NEW YORK, Defendant, and NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [773 NYS2d 603]—

In an action to recover damages for personal injuries, etc., the defendants New York City Transit Authority, Staten Island Rapid Transit Operating Authority, Metropolitan Transit Authority, and Staten Island Railway appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Aliotta, J.), dated November 5, 2003, as granted those branches of the plaintiffs' motion which were to preclude them from presenting the testimony of an expert witness at trial and to compel disclosure of the "gap records," "car inspection records," "lighting logs," and an "NYCTA memoranda."

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in

granting that branch of the plaintiffs' motion which was to preclude the appellants from producing their expert witness, Norman S. Marcus, P.E., at trial on the ground that they were prejudiced by the appellants' failure to comply with CPLR 3101 (d) (1) (i) until the eve of trial. The appellants twice previously represented that they did not have any expert witnesses except for their examining physicians (*see Rassaei v Kessler,* 252 AD2d 577 [1998]; *Vigilant Ins. Co. v Barnes,* 199 AD2d 257 [1993]). Furthermore, the Supreme Court had once previously adjourned the trial to accommodate the appellants' belated disclosure of another expert witness. The appellants failed to show good cause why they did not retain this expert until a few days before the adjourned trial date (*see Quinn v Artcraft Constr.,* 203 AD2d 444 [1994]).

The appellants also failed to establish that the material sought by the plaintiffs was not discoverable. The appellants failed to meet their burden of demonstrating that the written reports and records pertaining to the accident and its site were not prepared by the appellants in the regular course of business, even if made solely for the purpose of litigation (*see* CPLR 3101 [g]; *Powell v County of Westchester,* 269 AD2d 378 [2000]; *Culbert v City of New York,* 254 AD2d 385 [1998]; *Vivitorian Corp. v First Cent. Ins. Co.,* 203 AD2d 452, 453 [1994]; *Crazytown Furniture v Brooklyn Union Gas Co.,* 145 AD2d 402 [1988]). Santucci, J.P., Smith, Luciano and Adams, JJ., concur.