■ DESERT STORM CONSTRUCTION CORP., Respondent, v SSSS LIMITED CORP., Doing Business as THE PARROT, et al., Appellants. [794 NYS2d 442]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from a judgment of the Supreme Court, Queens County (Strauss, J.), dated September 11, 2003, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $40,000.

Ordered that the judgment is affirmed, with costs.

Between approximately November 1996 and August 1997, the plaintiff, a contractor, renovated a building in Queens pursuant to an agreement with the defendants. The plaintiff contends that it was not paid for extra work over and above what was called for in the written contract that it performed at the premises. The plaintiff further claims that the defendants orally agreed to pay for such additional work. After a trial, the jury found that the plaintiff was entitled to the sum of $40,000 for the extra work.

The defendants contend, inter alia, that the trial court improperly precluded their expert witness from testifying regarding the underlying architectural plans, and about work which was included in the original written contract between the parties. They further assert that the verdict was not supported by legally sufficient evidence, and was against the weight of the evidence.

The trial court providently exercised its discretion in precluding the defendants' expert witness from testifying regarding a subject that was not included in the defendants' pretrial expert disclosure (*see Fava v City of New York*, 5 AD3d 724 [2004]; CPLR 3101 [d] [1] [i]). The defendants failed to show good cause for the absence of the pretrial disclosure (*see Fava v City of New York, supra; Quinn v Artcraft Constr.*, 203 AD2d 444, 445 [1994]).

Similarly, the verdict was not against the weight of the evidence, as it was based on a fair interpretation of the evidence (*see Burney v Raba*, 266 AD2d 174, 175 [1999]).

The defendants' remaining contentions either are unpreserved for appellate review or are without merit. Schmidt, J.P., Santucci, Spolzino and Lifson, JJ., concur.