*564 On February 10, 2006, a water pipe burst in the second floor of the plaintiff’s house, causing extensive water damage. The home was covered by a homeowners’ insurance policy issued by the defendants Encompass Insurance Company of America and Encompass Insurance Company (hereinafter together Encompass). Following the occurrence, the plaintiff filed an insurance claim with Encompass. However, after a year of attempting to negotiate a settlement, and after receiving what he considered inadequate offers and improper mold remediation efforts from Encompass, the plaintiff commenced this action alleging, inter alia, that Encompass breached the insurance policy in the manner in which it handled his claim, and engaged in deceptive business practices through a general policy of denying, delaying, and defending against such claims with respect to him and other similarly situated policy holders, in order to force him and other policy holders into woefully inadequate claim settlements. Encompass moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it. The Supreme Court, inter alia, partially granted Encompass’s motion. The plaintiff appeals, and we modify.
“On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (Breytman v Olinville Realty, LLC, 54 AD3d 703, 703-704 [2008]; see Leon v Martinez, 84 NY2d 83, 87 [1994]).
To state a cause of action under General Business Law § 349, the complaint must allege that the defendant engaged in a deceptive act or practice, that the challenged act or practice was consumer-oriented, and that the plaintiff suffered an injury as a result of the deceptive act or practice (see Stutman v Chemical Bank, 95 NY2d 24, 29 [2000]; Oswego Laborers’ Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 25 [1995]). Contrary to the Supreme Court’s determination, the plaintiff s third cause of action, as amplified by the affidavit and documents he submits in opposition to the motion, states a cogni *565 zable cause of action to recover damages for unfair practices under General Business Law § 349, including a general practice of inordinately delaying the settlement of insurance claims against policyholders (see Wilner v Allstate Ins. Co., 71 AD3d 155, 161 [2010]; Acquista v New York Life Ins. Co., 285 AD2d 73, 82 [2001]). Accordingly, the Supreme Court erred in granting that branch of Encompass’s motion which was pursuant to CPLR 3211 (a) (7) to dismiss the third cause of action insofar as asserted against it. In addition, contrary to Encompass’s contention, a claim for punitive damages may be asserted in the context of a cause of action predicated upon an alleged violation of General Business Law § 349 (see Wilner v Allstate Ins. Co., 71 AD3d at 167).
Encompass also moved for summary judgment dismissing the third cause of action insofar as asserted against it. However, the Supreme Court did not decide that branch of Encompass’s motion. In the interest of judicial economy, we hold that the branch of Encompass’s motion which was for summary judgment dismissing the third cause of action insofar as asserted against it must be denied. Not only was that branch of the motion premature, having been made in the earliest phase of discovery in this action (see Elbaz v New York City Hous. Auth., 90 AD3d 986 [2011]), but Encompass’s attorney’s affirmation and exhibits were insufficient to establish its prima facie entitlement to judgment as a matter of law with respect to that cause of action (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Sellino v Kirtane, 73 AD3d 728 [2010]; Lampkin v Chan, 68 AD3d 727 [2009]).
The Supreme Court also erred in granting that branch of Encompass’s motion which was pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action to the extent it sought to recover damages for violations of Insurance Law § 2601. Contrary to the Supreme Court’s determination and Encompass’s contention, the plaintiff did not seek to add a separate cause of action alleging violations of Insurance Law § 2601 but, rather, sought to amplify his cause of action to recover damages for breach of contract with allegations of such violations (see Bristol Harbour Assoc. v Home Ins. Co., 244 AD2d 885 [1997]).
Contrary to the plaintiff’s contention, the Supreme Court correctly granted that branch of Encompass’s motion which was pursuant to CPLR 3211 (a) (7) to dismiss the eighth and ninth causes of action insofar as asserted against it alleging intentional and negligent infliction of emotional distress, respectively. Accepting the allegations of the complaint as true, and affording *566 the plaintiff the benefit of every favorable inference, the complained of conduct did not so transcend the bounds of decency as to be regarded as atrocious and intolerable in a civilized society (see Tartaro v Allstate Indent. Co., 56 AD3d 758 [2008]; Rohrlich v Consolidated Bus Tr., Inc., 15 AD3d 561, 562 [2005]).
With respect to the parties’ discovery issues, CPLR 3101 (a) broadly mandates “full disclosure of all matter material and necessary in the prosecution or defense of an action.” This provision is liberally interpreted in favor of disclosure (see Kavanagh v Ogden Allied Maintenance Corp., 92 NY2d 952, 954 [1998]; Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]; Matter of Skolinsky, 70 AD3d 845 [2010]; Riverside Capital Advisors v First Secured Capital Corp., 292 AD2d 515 [2002]). However, the discovery sought must be relevant to the issues at bar, with the test employed being “usefulness and reason” (Allen v Crowell-Collier Publ. Co., 21 NY2d at 406). Regarding an entire set of discovery demands which are “palpably improper in that they are overbroad, lack specificity, or seek irrelevant or confidential information, the appropriate remedy is to vacate the entire demand rather than to prune it” (Bell v Cobble Hill Health Ctr., Inc., 22 AD3d 620, 621 [2005]). “The burden of serving a proper demand is upon counsel, and it is not for the courts to correct a palpably bad one” (id. at 621 [internal quotation marks omitted]).
Here, the plaintiff’s discovery demands included production of Encompass’s entire claim file for the subject water damage. The plaintiff asserts that Encompass only produced part of the claim file. In response, Encompass asserts that it withheld only those parts of the claim file that were produced in anticipation of litigation and thus were protected by work product privilege (see Veras Inv. Partners, LLC v Akin Gump Strauss Hauer & Feld LLP, 52 AD3d 370 [2008]). However, the party asserting the privilege that material sought through discovery was prepared exclusively in anticipation of litigation or constitutes attorney work product bears the burden of demonstrating that the material it seeks to withhold is immune from discovery (see Koump v Smith, 25 NY2d 287, 294 [1969]) by identifying the particular material with respect to which the privilege is asserted and establishing with specificity that the material was prepared exclusively in anticipation of litigation (see Chakmakjian v NYRAC, Inc., 154 AD2d 644, 645 [1989]; Crazytown Furniture v Brooklyn Union Gas Co., 145 AD2d 402 [1988]). Here, Encompass’s attorney’s conclusory assertions were insufficient to satisfy this burden (see Bombard v Amica Mut. Ins. *567 Co., 11 AD3d 647, 648 [2004]; see also Agovino v Taco Bell 5083, 225 AD2d 569 [1996]). Accordingly, the Supreme Court should have granted that branch of the plaintiffs motion which was to compel Encompass to produce the documents contained in the plaintiff’s claim file to the extent of directing Encompass to provide the Supreme Court with a detailed privilege log (see CPLR 3122; Clark v Clark, 93 AD3d 812 [2012]), and the matter must be remitted to the Supreme Court, Nassau County, for an in camera review of the allegedly privileged documents.
Although Encompass also failed to meet its burden of demonstrating that certain discovery demands involved undiscoverable trade secrets (see Hunt v Odd Job Trading, 44 AD3d 714, 716 [2007]), aside from the claim file, the remaining discovery demands were nevertheless palpably improper in that they were overbroad, lacked specificity, or sought irrelevant information. Accordingly, the Supreme Court correctly denied that branch of the plaintiffs motion which was to compel Encompass to comply with these discovery demands (see Bell v Cobble Hill Health Ctr., Inc., 22 AD3d at 621).
Under the circumstances of this case, Encompass was not entitled to a protective order (see CPLR 3103).
The plaintiffs remaining contentions are without merit. Dillon, J.P, Florio, Lott and Sgroi, JJ., concur.