In an action to recover damages for personal injuries, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated June 24, 2011, as granted that branch of his motion which was to compel the defendant Brooklyn Union Gas, doing business as National Grid NY, to disclose certain statements made by two of its employees only to the extent of directing that the statements be produced for an in camera review, and (2) from an order of the same court dated September 29, 2011, which, after the in camera review of the statements, denied that branch of his motion which was to compel their disclosure.
Ordered that on the Court’s own motion, the notice of appeal is treated as an application for leave to appeal from so much of the order dated June 24, 2011, as granted that branch of the plaintiff’s motion which was to compel the defendant Brooklyn Union Gas, doing business as National Grid NY, to disclose certain statements made by two of its employees only to the extent of directing that the statements be produced for an in camera review, and leave to appeal is granted (see CFLR 5701 [c]); and it is further,
Ordered that the order dated June 24, 2011, is reversed insofar as appealed from, on the law, that branch of the plaintiffs motion which was to compel the defendant Brooklyn Union Gas, doing business as National Grid NY, to disclose certain statements made by two of its employees is granted in its entirety, and the order dated September 29, 2011, is vacated; and it is further,
Ordered that the appeal from the order dated September 29, *586 2011, is dismissed as academic in light of our determination on the appeal from the order dated June 24, 2011; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
The plaintiff allegedly was injured when his motorcycle collided with a vehicle operated by Gregory Smith, an employee of Brooklyn Union Gas Company, doing business as National Grid NY (hereinafter BUG). The plaintiff commenced this action against BUG, among others, and served demands for discovery and inspection of certain accident records. At his examination before trial, Smith’s coworker, Edward Hunter, testified that about a month after the accident, he and Smith met with a claims investigator employed by BUG and gave written statements about how the accident occurred. The claims investigator later provided affidavits indicating that his job included investigating litigated cases and obtaining accident reports for the purpose of assisting in-house and outside counsel in defense of litigation.
The Supreme Court should have granted that branch of the plaintiff’s motion which was to compel BUG to disclose the written post-accident statements made by Smith and Hunter. CPLR 3101 (g) provides, in relevant part, that “there shall be full disclosure of any written report of an accident prepared in the regular course of business operations of any person, firm, corporation, association or other public or private entity . . . .” Pursuant to this statutory provision, “accident reports prepared in the regular course of business operations or practices are discoverable, even if made solely for the purpose of litigation” (Powell v County of Westchester, 269 AD2d 378, 379 [2000] [internal quotation marks omitted]; see Fava v City of New York, 5 AD3d 724, 725 [2004]; Pataki v Kiseda, 80 AD2d 100, 104-105 [1981]). The burden of demonstrating that a written report of an accident is immune from disclosure is on the party opposing discovery (see Fava v City of New York, 5 AD3d at 725; Vivitorian Corp. v First Cent. Ins. Co., 203 AD2d 452, 453 [1994]; Crazy-town Furniture v Brooklyn Union Gas Co., 145 AD2d 402, 403 [1988]). Here, it is not disputed that the written statements made by Smith and Hunter describing how the accident occurred constituted “written report[s] of an accident” within the meaning of CPLR 3101 (g), and the defendants failed to meet their burden of demonstrating that these statements were not prepared in the regular course of BUG’s business operations or practices (see Fava v City of New York, 5 AD3d at 725; Vivitorian Corp. v First Cent. Ins. Co., 203 AD2d at 453; Crazytown Furniture v Brooklyn Union Gas Co., 145 AD2d at 403).
In light of the foregoing, we need not reach the plaintiffs *587 remaining contention. Mastro, J.E, Chambers, Lott and Sgroi, JJ., concur.