## Melendez v Pro Sports & Entertainment, Inc.

2024 NY Slip Op 34141(U)

November 19, 2024

Supreme Court, New York County

Docket Number: Index No. 114296/2005

Judge: Emily Morales-Minerva

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. EMILY MORALES-MINERVA**          PART          **42M**

*Justice*

------------------------------------------------------------------------X

CARLOS MELENDEZ,

INDEX NO.          114296/2005

Plaintiff,

MOTION DATE          May 03, 2024

- v -

PRO SPORTS & ENTERTAINMENT, INC., THE ROUSE
COMPANY OF NEW YORK, LLC, SOUTH STREET
SEAPORT LIMITED PARTNERSHIP, APPLE INDUSTRIAL
DEVELOPMENT CORP., NEW YORK CITY ECONOMIC
DEVELOPMENT CORPORATION, THE CITY OF NEW
YORK

**DECISION & ORDER**
**PRE-TRIAL MOTION IN LIMINE**
**NO. 01**

Defendant.

------------------------------------------------------------------------X

APPEARANCES:

> Hach & Rose, LLP, New York, NY (Evan Bane, Esq., and Adam
> Roth, Esq., of counsel), for plaintiff.

> Wilson Elser Moskowitz Edelman & Dicker, LLP, New York, NY
> (Mathew Ross, Esq., of counsel) for defendants.

HON. EMILY MORALES-MINERVA, J.S.C.:

In this labor law action, pending almost twenty years,
plaintiff filed a pre-trial motion in limine, dated May 03,
2024, seeking an order precluding the expert witnesses of
defendants from testifying beyond "the 'four corners' of their
reports" (New York State Court System Electronic Filing System
[NYSCEF] Doc. No. 94, at 1). Defendants submit opposition to
plaintiff's application, arguing, among other things, that no

**114296/2005  MELENDEZ, CARLOS vs. BROWN-UNITED**                    **Page 1 of 4**

1 of 4

[* 1]

reason exists to preemptively restrict the testimony of their experts.

All parties appeared, by counsel, for oral argument on this pre-trial motion, which was held on November 07, 2024, at 11:00 A.M., in Part 42M, 111 Centre Street, New York, New York. Following arguments, plaintiff rested on the supporting case law as listed on page three of plaintiff's trial brief in support of motion in limine, dated May 03, 2024 (id. Doc. No. 94, at 3, para 8).

Now, upon consideration of the arguments and submissions on this motion, the subject motion in limine is denied.

Nothing in the record suggest that defendants' expert witnesses intend on testifying to facts or opinions outside of their report or intends to discuss an ailment not mentioned in their report. The cases plaintiff relies upon apparently concern objections to expert testimony made during trial -- not objections to testimony yet to be elicited -- as beyond the scope or in contradiction to the expert's report (see Klempner v Leone, 277 AD2d 287 [2nd Dept 2000] [providing that "absent a showing of good cause," a medical expert's testimony should be precluded if it contradicts or discusses conditions not mentioned in the experts report]; see also Langhorne v County of Nassau, 40 AD3d 1045 [2nd Dept 2007] [holding it was reversable error to permit defense counsel to elicit testimony from

defendant's expert that was both beyond the scope of his medical report and inconsistent with the conclusions set forth in that report]; Desert Storm Constr. Corp. v SSSS Ltd. Corp., 18 AD3d 421, 422 [2nd Dept 2005] [holding the trial court providently exercised its discretion to preclude the defendants' expert from testifying on a subject not included in pretrial disclosure absent good cause shown for the absence of the pretrial disclosure]).

To the extent defendants rely on 1515 Summer St. Corp. v Parikh, 13 AD3d 305 [1st Dept 2004], said case -- while holding that the lower court properly precluded an expert from testifying about matters not included in their disclosure statement -- is factually blind as to when the party made the motion. Further, the First Department in 1515 Summer St. Corp. relied upon Matter of Richard S. (208 AD2d 750 [1st Dept 1994], lv denied 86 NY2d 704 [1995]), which is clearly distinguishable from the facts presented.

In Matter of Richard, the proponent of the expert testimony presented a list of experts to its adversary but did not disclose therein any details as to the substance of the expert's opinions or the grounds thereof (id. at 750-751). Finding that said lack of disclosure impaired the other party in preparing for the hearing, the First Department upheld the trial court's

114296/2005 MELENDEZ, CARLOS vs. BROWN-UNITED                    Page 3 of 4

3 of 4

discretion to preclude the experts from providing <u>any</u> opinion (<u>id.</u> at 751).

Finally, plaintiff also misplaces its reliance on the Appellate Division, Fourth Department case <u>Lidge v Niagra Falls Mem. Med. Ctr.</u> (17 AD3d 1033 [4th Dept 2005]). Unlike here, the <u>Lidge</u> case involved a party's attempt to submit a <u>new expert disclosure statement at the eve of trial</u>, which included additional theories of negligence (<u>id.</u> at 1035). The Fourth Department held that the trial court both properly precluded the amendment to the initial disclosure and properly precluded the expert from testifying beyond the original expert disclosure (<u>id.</u> at 1035).

Of course, while plaintiff is unsuccessful in this pre-trial motion, the court's holding herein prevents neither plaintiff nor defendants from making objections at trial based on governing rules of evidence.

Accordingly, it is

ORDERED that the plaintiff's motion in limine, dated May 03, 2024, is denied.


Date:   November 19, 2024

_____
Emily Morales-Minerva, J.S.C.