■ UNITED STATES TRUST COMPANY OF NEW YORK, Appellant, v REY OLSEN, Respondent. [599 NYS2d 571] —Order of the Supreme Court, New York County (Carol Arber, J.), entered on February 26, 1992, which granted defendant's motion to reject a Referee's report and denied plaintiff's cross-motion to confirm the report and for summary judgment is unanimously reversed on the law, the facts and in the exercise of discretion, plaintiff's cross-motion to confirm the report granted, defendant's motion denied and summary judgment granted to plaintiff, with costs and disbursements.

On April 5, 1988, defendant borrowed $30,000 from plaintiff United States Trust Company of New York when he executed a demand promissory note in that amount. It was also agreed that $10,000 of the loan proceeds would be maintained in a reserve account by plaintiff from which interest payments would be made. Defendant received the check for $20,000, but

the loan was not repaid. Plaintiff thereupon demanded payment, applied the balance in the reserve account first to outstanding interest and then to principal. The instant action ensued for recovery of the balance due. Defendant, however, contends that he is not liable on the note because on the day that it was signed he was taken to lunch by two attractive female loan officers from the United States Trust Company who induced or permitted him to become so inebriated that he did not understand the nature of the documents involved. The cause, extent and effect of defendant's alleged incapacity by reason of intoxication was remanded for a hearing by a Referee upon plaintiff's motion for summary judgment.

After receiving testimony from defendant, two of his employees at the time and one of the loan officers who had attended the lunch in question, the Referee found that defendant had not sustained his burden of proof of demonstrating lack of capacity. According to the Referee, "[d]efendant has failed even to establish a *prima facie* case that he was too drunk at the moment of execution of the promissory note to have been aware of his act. The testimony of plaintiff's witness that defendant was aware of his acts further defeats defendant's contention." Therefore, the Referee concluded, defendant "was mentally capable of executing the note at the time of its execution." The Referee also noted that "defendant by his own testimony is an experienced businessman in the business of promoting sporting events and not one likely to allow himself to be seduced by any combination of alcohol and feminine charm into signing a promissory note." Yet, the Supreme Court, in granting defendant's motion to reject the report of the Referee, simply decided that the testimony offered at the hearing was inadequate to determine the issue of defendant's capacity. The law, however, is established that the report of a Referee should be confirmed whenever the findings therein are substantially supported by the record *(Frankel v Winter,* 180 AD2d 549; *European Am. Bank & Trust Co. v H. Frenkel, Ltd.,* 163 AD2d 154; *Plaza Funding Corp. v J. C. Dev. Corp.,* 155 AD2d 298). Since there is no reasonable basis here for declining to accept the Referee's report, the Supreme Court should have granted plaintiff's cross-motion to confirm and for summary judgment. Concur—Murphy, P. J., Sullivan, Milonas, Kupferman and Kassal, JJ.