■ SYLVAN LAWRENCE COMPANY, INC., Respondent, v 180 REALTY COMPANY et al., Appellants. [701 NYS2d 39] —Appeal from order, Supreme Court, New York County (Emily Goodman, J.), entered on or about January 15, 1999, which, as corrected by an order of the same court and Justice entered February 16, 1999, *inter alia,* granted plaintiff's motion for an order confirming the report of a Special Referee finding

defendants liable to plaintiff for payment of commissions in the amount of $107,101.19, deemed to be from the ensuing judgment, same court and Justice, entered March 12, 1999, entitling plaintiff to recover from defendant partnership and the individual defendants, jointly and severally, the total sum of $127,249.40, and as so considered, the March 12, 1999 judgment unanimously affirmed, with costs.

The findings and recommendations of the Special Referee that defendants were required to pay the full real estate commission sought by plaintiff broker were supported by the record and, accordingly, properly confirmed by the IAS Court (*see, United States Trust Co. v Olsen*, 194 AD2d 481, 482; *Frankel v Winter,* 180 AD2d 549). It is undisputed that defendants accepted plaintiff's services in procuring the tenant and agreed to pay a commission, and as the conditions upon which a reduction of the commission were not met, plaintiff was entitled to the full commission (*see, Quantum Realty Servs. v ISE Am.,* 214 AD2d 420; *Gronich & Co. v 649 Broadway Equities Co.,* 169 AD2d 600, 602; *Ambrose Mar-Elia Co. v Dinstein*, 151 AD2d 416, *lv denied* 74 NY2d 615).

The Referee also properly permitted amendment of the ad damnum clause since there was no prejudice or surprise to defendants (*see,* CPLR 3025 [c]; *Fahey v County of Ontario*, 44 NY2d 934, 935).

Finally, since plaintiff joined the partnership as a defendant, plaintiff was not required to allege insufficiency of partnership assets to hold the individual partners jointly and severally liable (*see, United States Trust Co. v Bamco 18*, 183 AD2d 549).

We have considered defendants' remaining arguments and find them unavailing. Concur—Rosenberger, J. P., Nardelli, Ellerin, Saxe and Buckley, JJ.