■ MICHAEL MELNITZKY, Appellant, v SOTHEBY PARKE BERNET, INC., Respondent. MICHAEL MELNITZKY, Appellant-Respondent, v SOTHEBY PARKE BERNET, INC., Respondent-Appellant. [750 NYS2d 859] —Judgment, Supreme Court, New York County (Walter Tolub, J.), entered September 7, 2001, dismissing the complaint and bringing up for review an order, same court (Ira Gammerman, J.), entered June 13, 2000, which granted defendant's motion to dismiss insofar as to dismiss plaintiff's first cause of action, and an order, same court (Walter Tolub, J.), entered on or about August 27, 2001, which, inter alia, granted defendant's motion for summary judgment respecting the balance of the complaint, unanimously affirmed, without costs. Appeals from the orders entered June 13, 2000 and on or about August 27, 2001, unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

Plaintiff's cause of action for breach of the alleged agreement pursuant to which defendant engaged plaintiff as its exclusive restorer was properly dismissed. Plaintiff's waiver of his right to sue for the alleged breach was established by plaintiff's

deposition testimony, in which he acknowledged that he had been aware over a 10-year period that defendant had used other restorers without his approval, but that he chose not to object and, indeed, continued to actively affirm the contract's validity by accepting benefits thereunder (*see e.g. New York Tel. Co. v Jamestown Tel. Corp.*, 282 NY 365, 372-373; *and see Albany Med. Coll. v Lobel*, 296 AD2d 701).

Since there was a valid agreement between the parties governing the disputed matter, plaintiff's cause of action for recovery in quantum meruit was properly dismissed (*see Martin H. Bauman Assoc. v H & M Intl. Transp.*, 171 AD2d 479, 483-484). Recovery in quantum meruit was unavailable to plaintiff for the additional reason that his actions, namely, maintaining the contractually stipulated discount rates and a studio on defendant's premises, are incompatible with any claim that he reasonably expected to be compensated at a rate in excess of that set in the parties' agreement (*cf. Lehrer McGovern Bovis v New York Yankees*, 207 AD2d 256, 259). Concur—Tom, J.P., Andrias, Rosenberger, Friedman and Marlow, JJ.