■ Michael Melnitzky, Appellant, v August Uribe et al., Respondents. [794 NYS2d 647]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered April 8, 2004, which, to the extent appealed from, granted defendants' motion to dismiss the complaint and denied plaintiff's cross motion for additional discovery, unanimously affirmed, without costs.

Plaintiff's claims for breach of contract, fraud and deceptive conduct, stemming from an exclusive agreement to provide conservation and restoration services to the Latin American painting department, were previously dismissed on the merits (Melnitzky v Sotheby Parke Bernet, 300 AD2d 201 [2002], lv denied 100 NY2d 510 [2003]). As such, any claims that were or could have been asserted in the previous action regarding this agreement are barred by res judicata and collateral estoppel, even if based on different theories or sought under a different remedy (see Ryan v New York Tel. Co., 62 NY2d 494 [1984]).

Plaintiff's cross motion would fail for the additional reason that in his papers there was neither any identification of an issue that required discovery nor any demonstration of the likelihood that such evidence existed to support such issue (Sovereign

*Metal Corp. v Ciraco*, 210 AD2d 75, 76 [1994]). In any event, given that the work orders go to the issue of damages, plaintiff's request for depositions in this regard would do nothing to change the fact that his claims are barred. Concur—Tom, J.P., Andrias, Ellerin, Nardelli and Sweeny, JJ.