■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANELL GAMBLE, Appellant. [822 NYS2d 474]—Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered on or about November 4, 2004, unanimously affirmed. No opinion. Order filed. Concur—Andrias, J.P., Marlow, Nardelli, Williams and Sweeny, JJ.

■ MICHAEL MELNITZKY, Appellant, v AUGUST URIBE et al., Respondents. [822 NYS2d 56]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered June 24, 2005, which granted defendants' motion to confirm the findings of the Special Referee, dated November 9, 2004; assessed the sum of $4,500 against plaintiff as sanctions for his frivolous conduct; and enjoined plaintiff from bringing any further actions as a pro se litigant against defendants or their current attorneys without first obtaining judicial approval from the court, unanimously affirmed, with costs. Plaintiff is enjoined from commencing any further litigation in the courts of the State of New York arising from or related to issues with respect to his contractual agreement with Sotheby's and/or any of its employees or attorneys, without prior leave of Supreme Court of the applicable county. The clerks of this Court and Supreme Court, New York and Bronx counties are directed to accept no filings from this plaintiff as to such matters without the prior leave of their respective courts.

Plaintiff's actions for breach of contract, fraud and deceptive conduct, stemming from an exclusive agreement to provide conservation and restoration services to the Latin American painting department, were previously dismissed on the merits (*Melnitzky v Sotheby Parke Bernet*, 300 AD2d 201 [2002], *lv denied* 100 NY2d 510 [2003]; *Melnitzky v Uribe*, 18 AD3d 328 [2005]). Thus, the Special Referee properly limited the evidence at the sanctions hearing to the issue of whether plaintiff had acted frivolously in commencing a second action, and his conduct throughout the litigation. The report of the Special Referee was properly confirmed, since the findings contained therein are substantially supported by the record and the Referee has clearly defined the issues and resolved matters of credibility (*see Kaplan v Einy*, 209 AD2d 248, 251 [1994]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Andrias, J.P., Marlow, Nardelli, Williams and Sweeny, JJ.