■ PRUDENTIAL SECURITIES CREDIT CORP., LLC, Respondent-Appellant, v TEEVEE TOONS, INC., et al., Appellants-Respondents. [825 NYS2d 366]—

Judgment, Supreme Court, New York County (Herman Cahn, J.), entered January 27, 2006, confirming the Special Referee's report that found defendants in civil contempt and imposing a sanction of $150,250, unanimously modified, on the law and the facts, to increase the sanction to $285,250, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered January 12, 2006, which granted plaintiff's motion to confirm the report but without an upward modification of the award, and denied defendants' motion to reject the report, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The Special Referee's findings that defendants committed contempt are substantially supported in the record (*see Melnitzky v Uribe*, 33 AD3d 373 [2006]; *United States Trust Co. of N.Y. v Olsen*, 194 AD2d 481 [1993]). Defendants violated the court's written orders of February 6, February 7 and April 1, 2003, all of which had directed them to produce documents requested by plaintiff; furthermore, their dilatory and disorganized production of these documents prejudiced plaintiff, causing it to incur additional expenses and attorneys' fees (*see Children's Vil. v Greenburgh Eleven Teachers' Union Fedn. of Teachers, Local 1532, AFT, AFL-CIO*, 249 AD2d 435 [1998]).

The award to plaintiff for attorneys' fees was appropriate (*see* Judiciary Law § 773). However, upon our review of the record, including the detailed billing records provided by plaintiff and testimony at the hearing, we find $285,000 more properly reflects plaintiff's attorneys' fees incurred as a result of defendants' contempt (*cf. Glanzman v Fischman*, 143 AD2d 880, 881 [1988], *lv dismissed* 74 NY2d 792 [1989]).

We have considered the parties' other arguments for affirmative relief and find them unavailing. Concur—Buckley, P.J., Mazzarelli, Andrias, Sullivan and Sweeny, JJ.