■ SECTOR CONSTRUCTION, INC., Plaintiff, v DIMITRIOS KATSARELIAS et al., Respondents, et al., Defendant. GREGORY A. SIORIS, Nonparty Appellant. [828 NYS2d 379]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered August 24, 2005, which, to the extent appealed from, denied the cross motion by attorney Sioris challenging a referee's determination fixing his reasonable counsel fee at $8,983.50, unanimously affirmed, with costs.

Sioris had no standing to enforce the subrogation agreement between Reliance National Insurance Company and defendants Katsarelias and Kontakos, as he was neither a party to the agreement nor a third-party beneficiary (*see generally State of Cal. Pub. Employees' Retirement Sys. v Shearman & Sterling*, 95 NY2d 427, 434-435 [2000]). The defense to Sioris's claim for a higher fee presents a question of law, interpreting an unambiguous contract, and may be raised for the first time on appeal (*see Carnegie Hall Corp. v City Univ. of N.Y.*, 286 AD2d 214, 215 [2001]). In any event, the court's order *denied* the Katsarelias/Kontakos motion to discharge Sioris, stating simply that no such order was necessary to the extent that Sioris had represented respondents personally, apparently as distinct from his representation of Reliance with regard to its subrogation rights. It was Sioris, not Katsarelias/Kontakos, who sought to have his fee adjudicated. Moreover, even if their discharge of him could be seen as dismissal from any further representation

in the subrogation action, nothing would prohibit such discharge except in possible derogation of Reliance's rights, which, as stated, Sioris had no standing to contest.

The referee's determination to apply a 30% contingency fee was substantially supported in the record (*see United States Trust Co. of N.Y. v Olsen*, 194 AD2d 481, 482 [1993]). The evidence was conflicting as to whether the agreement called only for the 30% fee, as Katsarelias/Kontakos claim, or for 30% of any recovery on the counterclaims and $275 per hour on the defense against plaintiff, as Sioris claims. Sioris admitted that the counterclaims were the defense, and he was unable to differentiate adequately, except in a conclusory manner, between time spent on the defense and time spent on the counterclaims. Even if we applied the retainer agreement between Reliance and Sioris, to which Katsarelias/Kontakos were not parties, calling for $275 per hour if petitioner were discharged, he was not discharged until after the underlying action was complete and the recovery amount was set. It would thus defy reason to apply the hourly rate under these circumstances. The referee did not improperly preclude Sioris from entering his file documents to establish his time spent. Sioris never sought to introduce selected documents as representative of how he had purportedly differentiated his time between work on the defense and the counterclaims of the underlying action. Instead, he offered a stack of documents without any differentiation, and the referee appropriately declined to go through all of them indiscriminately.

Finally, we express no opinion as to any rights or remedies Reliance or its successors in interest may have against Katsarelias/Kontakos for any alleged breach of the subrogation agreement, or any claims that Katsarelias/Kontakos are now responsible for legal fees or the return of the amounts paid in settlement of the loss. Concur—Saxe, J.P., Marlow, Nardelli, Sweeny and Catterson, JJ.