Lakisha Janee C. v Abraham N. (2018 NY Slip Op 00521)





Lakisha Janee C. v Abraham N.


2018 NY Slip Op 00521


Decided on January 30, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2018

Friedman, J.P., Gische, Mazzarelli, Kern, Singh, JJ.


5553A 5553

[*1] In re Lakisha Janee C., Petitioner-Appellant,
v
Abraham N., Respondent-Respondent.


Larry S. Bachner, New York, for appellant.
Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for respondent.
Karen P. Simmons, The Children's Law Center, Brooklyn (Barbara H. Dildine of counsel), attorney for the children.



Order, Family Court, Bronx County (Tracey A. Bing, J.), entered on or about March 16, 2017, which, after a fact-finding hearing, dismissed petitioner mother's petition seeking modification of a visitation order and directed that no further custody or visitation petitions be filed without leave of the court; and order, same court and Judge, entered on or about February 28, 2017, which dismissed the mother's petition seeking to suspend respondent father's visitation, unanimously affirmed, without costs.
Family Court properly dismissed the petition seeking modification of the order of visitation, since the mother did not credibly allege a material change of circumstances (see Skidelsky v Skidelsky, 279 AD2d 356, 356 [1st Dept 2001]), nor did she demonstrate that reducing the father's visitation time with the children would be in their best interests (see St. Clement v Casale, 29 AD3d 367, 368 [1st Dept 2006]).
Family Court, which had presided over the parties' long and contentious litigation history, properly directed the parties to seek leave prior to filing further petitions pertaining to custody and visitation (see e.g. Melnitzky v Uribe, 33 AD3d 373 [1st Dept 2006]).
Moreover, Family Court properly dismissed the mother's subsequent petition seeking to suspend the father's visitation based on his alleged violation of the visitation order. The court acted within its discretion in finding that the claimed new violations were generally of the same nature as the violations that were rejected in the recently adjudicated modification petition. Under these circumstances, the court properly dismissed the violation petition without further consideration.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 30, 2018
CLERK