■ G. Wolfgang Fuhs, Respondent, v Hedwig I. Fuhs, Appellant.—Casey, J. Appeal from that part of an order of the Supreme Court at Special Term (Hughes, J.), entered March 5, 1986 in Albany County which partially granted plaintiff's motion for a protective order striking various items from defendant's notice to depose plaintiff.

In this matrimonial action, defendant served upon plaintiff a notice to take plaintiff's deposition, together with a demand that he produce certain documents relevant to defendant's counterclaim. Plaintiff moved for a protective order, alleging that the notice is overly burdensome and lacking in specificity. After defendant submitted papers in opposition to the motion, plaintiff's attorney submitted a reply affidavit in which he agreed to produce items Nos. 1 and 2, and alleged that items Nos. 3 and 4 were subject to the attorney-client privilege and that his client had advised him that items Nos. 5 through 14 did not exist. Special Term granted plaintiff's motion by striking items Nos. 3 through 14.

In its decision, Special Term indicated that defendant should make relevant inquiries of plaintiff at the examination and thereafter serve a discovery and inspection notice *(see, Ganin v Janow,* 86 AD2d 857). We see no reason to interfere with Special Term's discretion as to items Nos. 3 and 4, except that the order striking those items should contain a provision expressly making it without prejudice to defendant serving an appropriate notice of discovery and inspection after the deposition of plaintiff *(see, Passaro v Passaro,* 120 AD2d 658). As to items Nos. 5 through 14, the conclusory allegations in the affidavit of plaintiff's counsel, unsupported by an affidavit of a person with knowledge of the facts, are insufficient to establish the necessary basis for a protective order *(see, Sheldon v Kimberly-Clark Corp.,* 111 AD2d 912, 913; *Quirino v New York City Tr. Auth.,* 60 Misc 2d 634, 638-639). In these circumstances, we think it appropriate to require plaintiff to comply with the request for items Nos. 5 through 14, which are neither overly burdensome nor lacking in specificity, or to state under oath at the deposition that the requested items do not exist.

Order modified, on the law and the facts, without costs, by deleting from the first decretal paragraph the numbers "5" through "14" and by adding at the end of the first decretal paragraph the phrase "without prejudice to defendant serving an appropriate notice of discovery and inspection after the deposition of plaintiff", and by adding at the end of the second decretal paragraph the numbers "5" through "14" and the

phrase "or state under oath that the documents not produced do not exist", and, as so modified, affirmed. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.