■ BARRY WILENSKY, Appellant-Respondent, v JRB MARKETING & OPINION RESEARCH, INC., Respondent-Appellant.—In an action, *inter alia,* to recover damages for breach of contract, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Robbins, J.), dated September 27, 1988, which granted the plaintiff's motion to compel the defendant to comply with certain notices to produce and denied its cross motion for a protective order, and (2) so much of an order of the same court, dated January 19, 1989, as denied that branch of its motion which was for leave to reargue its prior cross motion for a protective order; and, the plaintiff appeals, as limited by his notice of appeal and brief, from so much of the order dated January 19, 1989, as denied that branch of his cross motion which was for the imposition of various sanctions.

Ordered that the order dated September 27, 1988, is modified by adding thereto a provision that if a particular document or record specified in the plaintiff's notices to produce dated August 27, 1986, and May 23, 1988, was never made, is no longer in existence, or is not within defendant's custody or control, and therefore incapable of being produced by the defendant, then an officer or employee of the defendant with knowledge of the facts shall so state by detailed affidavit setting forth with respect to each such document or record the reason why it was not made, or if made and then destroyed, the date upon which it was destroyed, by whom, and the reason therefor, and if a particular document is still in existence but not within the defendant's custody or control, the place where and the person into whose custody or control it was put and when; as so modified, the order is affirmed and the defendant's time to comply with the order dated September 27, 1988, as so modified, is extended until 30 days after service upon it of a copy of this decision and order with notice of entry; and it is further,

Ordered that the defendant's appeal from so much of the order dated January 19, 1989, as denied its motion for reargument is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated January 19, 1989, is otherwise affirmed insofar as appealed from by the plaintiff; and it is further,

Ordered that plaintiff is awarded one bill of costs.

This disclosure dispute is before this court for the second time and the nature of the litigation and of the disclosure sought by the plaintiff and resisted by the defendant need not be repeated in detail here (see, *Wilensky v JRB Mktg. & Opinion Research,* 137 AD2d 520). We note, however, that on the prior appeal, the defendant's resistance to the plaintiff's 1986 notice to produce was premised solely on the ground that the plaintiff allegedly sought privileged trade secrets. This court found that the Supreme Court had improperly granted the defendant a protective order on that basis, denied the defendant protective relief, and directed the defendant to comply with the 1986 notice to produce with certain limitations.

Thereafter, the defendant substantially, but not completely, complied with this court's decision and order. By notice dated May 23, 1988, the plaintiff sought production of documents not yet supplied. Although the plaintiff identified the documents to be produced with more precision than was set forth in the 1986 notice to produce, the defendant virtually concedes that the subjects of the May 23, 1988, notice to produce were not different, but rather were a follow-up to what was sought by the earlier notice. The defendant made no motion with respect to the later notice and because the defendant's compliance was less than satisfactory, the plaintiff, approximately three months after service of the second notice, moved to compel the defendant to comply with both the August 27, 1986, and the May 23, 1988, notices to produce. In response, the defendant cross-moved, *inter alia,* for protective relief, asserting in general terms that some of the requested documents never existed and that others had been destroyed or were not within its custody and control. In support of its cross motion for protective relief, the defendant relied primarily on affirmations of counsel. It did, however, submit the affidavit of its president who, with respect to the subject of the defendant's compliance with the notices to produce, "advises" that the defendant produced all documents in response to the notices to produce which "it has in its custody, control or possession", that the defendant "maintains its records in an informal manner", that it "does not maintain records on all accounts and for all expenses", and that "documents are destroyed after a short period of time".

The Supreme Court, making specific reference to certain accounts, granted the plaintiff's motion for an order compel-

ling compliance with the two notices to produce and denied the defendant's cross motion, *inter alia,* for a protective order.

The defendant subsequently moved for leave to reargue that branch of its cross motion which was for a protective order and the plaintiff cross-moved for the imposition of various sanctions. By order dated January 17, 1989, the Supreme Court denied the defendant leave to reargue and denied the plaintiff's cross motion for sanctions.

While we agree with the defendant that a party cannot be compelled to produce documents which it does not possess or control or which do not exist *(cf.,* CPLR 3120), the Supreme Court nonetheless properly denied the defendant's motion for protective relief made in response to the plaintiff's motion to compel disclosure. Apart from the fact that the defendant's motion for a protective order was manifestly untimely *(see,* CPLR 3122), and apart from the fact that similar relief had already been denied the defendant by this court—albeit for different reasons—the purported unavailability or nonexistence of documents should have, to the extent possible, been raised when this disclosure dispute first arose. Moreover, the affidavit of the defendant's president concerning the claimed nonexistence or destruction of generally referred-to records and documents, which was submitted in support of the defendant's more recent application for protective relief, does not constitute satisfactory proof that the mandated disclosure is impossible *(see, Fuhs v Fuhs,* 132 AD2d 824; *Fugazy v Time, Inc.,* 24 AD2d 443). We conclude that the plaintiff is entitled to a detailed statement, made under oath, by an employee or officer with direct knowledge of the facts concerning the past and present status of the disputed documents, and modify the order of the Supreme Court accordingly.

The plaintiff's application for the imposition of various sanctions was properly denied. Although the record before us demonstrates that the defendant has engaged in conduct which is not exemplary, it has made most of the disclosure called for. While the defendant should have earlier alerted the plaintiff to the impossibility of further disclosure, its conduct was not contumacious and therefore the harsh sanction requested by the plaintiff of striking the defendant's answer is unwarranted. Nor are we persuaded that, at this time, designated issues can or should be resolved against the defendant *(see,* CPLR 3126 [1]), although the plaintiff may be entitled to appropriate evidentiary rulings at trial *(see, e.g.,* Richardson, Evidence § 92 [Prince 10th ed]). Finally, a monetary sanction

is presently inappropriate. Lawrence, J. P., Kunzeman, Kooper and Harwood, JJ., concur.