■ RODNEY TOLLIVER, Respondent, v NEW YORK CITY HOUS-ING AUTHORITY, Appellant. [640 NYS2d 491]

In an action in which plaintiff alleges that he was shot in the hallway of his apartment building by an intruder who was able to gain access because of defendant's negligent failure to maintain locks on the entrance door or otherwise provide reasonable security, the IAS Court properly directed the depositions of two identified maintenance workers, who, according to the witness defendant did produce, were assigned to the building in question and had actually worked on the locks in question on numerous occasions prior to the incident. It was also appropriate to require the deposition of a Housing Authority police officer who found plaintiff on a nearby bench and canvassed the building for the perpetrator. While the witness produced by defendant, who became its supervisor of caretakers a month after the incident, was able to explain the complaint procedure for the building and various work undertaken on the entrance door based upon work tickets, by his own admission he had no personal knowledge of the condition of the door and its locks, or any work needed and done to the door and its locks, prior to the incident. Clearly, plaintiff has made the necessary "detailed showing" of the necessity for taking the depositions of the two maintenance workers (Colicchio v City of New York, 181 AD2d 528, 529). Similarly, while the police reports discuss the assault, they say nothing about the condition of the door or its locks, as to which the police officer who was on the scene might have knowledge. Concur—Milonas, J. P., Rosenberger, Ellerin, Rubin and Williams, JJ.