■ Francesca Longo, Plaintiff, v Armor Elevator Co., Inc., et al., Defendants. (Action No. 1.) Michele C. Petitt et al., Appellants, v Armor Kone Elevator, Inc., et al., Respondents. (Action No. 2.) [720 NYS2d 443] —Order, Supreme Court, New York County (Stephen Crane, J.), entered March 14, 2000, which in action No. 2, inter alia: (1) granted in part the building defendants' motion for a protective order: (a) quashing certain nonparty subpoenas; and (b) vacating plaintiff's Second Notice for Discovery and Inspection; and (2) denied in part plaintiffs' cross motion to compel discovery and to impose sanctions against defendants for refusing to disclose, unanimously modified, on the law and the facts, to deny that branch of the defendants' motion seeking to quash the subpoena served on nonparty Central Elevator Corp. (Central), and to grant the portion of plaintiffs' cross motion seeking the deposition of Hideki Yano and the disclosure of documents related to prior similar accidents, postaccident repairs or modifications and insurance claims, subject to the terms and conditions herein, and otherwise affirmed, without costs.

Plaintiff Petitt was allegedly injured on March 4, 1993 when the elevator in which she was descending malfunctioned and dropped approximately 20 floors. In the weeks following the accident, defendant elevator maintenance contractor Armor Kone Elevator, Inc. (Armor) performed repairs on the elevator

involved in the accident and, in the course of so doing, discarded parts removed from the elevator, including the traveling and governor cables.

On the eve of the expiration of the applicable Statute of Limitations, plaintiff commenced this action. She alleged that defendants were grossly negligent in operating or permitting the elevators to be operated at full speed during high wind conditions and for failing to warn of the increased danger involved in riding the elevators under such conditions. The action was predicated on the claim that the elevators were defectively designed and incompatible with the building's structural dynamics, which permitted excessive building sway in high wind conditions.

Plaintiff is not entitled to a spoliation of evidence sanction based, *inter alia*, on Armor's discard of elevator parts during the damaged elevator's repair (*see, Kirkland v New York City Hous. Auth.*, 236 AD2d 170, 174-175; *Mudge, Rose, Guthrie, Alexander & Ferdon v Penguin Air Conditioning Corp.*, 221 AD2d 243; *Conderman v Rochester Gas & Elec. Corp.*, 262 AD2d 1068, 1070). We also note, that, on the present record, there is no reason to suppose that the missing items will prevent plaintiff from supporting her causes of action (*see, Kirkland, supra*, at 175; *see also, Hoag v Chase Pitkin Home & Garden Ctr.*, 267 AD2d 1083; *Squitieri v City of New York*, 248 AD2d 201, 203-204).

Plaintiff is entitled to depose Central Elevator, the prior repair contractor. The record contains a Central invoice for elevator repairs in the subject building "due to high winds on January 14, 1992." A review of the invoice reflects that it addresses damage to traveling and governor cables resulting from excessive building sway caused by the wind, the same cause that plaintiff alleges was responsible for the accident here at issue. The possible relevance of Central's knowledge to the causation and notice issues at bar is thus clear.

Plaintiff's claim of entitlement to further depositions from building defendant employees or a directive that said employees answer questions objected to at their original depositions is not properly before us (*Tommy Hilfiger U.S.A. v Insurance Co.*, 239 AD2d 255).

Plaintiffs, however, should be permitted to depose Hideki Yano and he should be produced for that purpose by the building defendants, provided he is still a Sumitomo Corporation employee. The deposition of the employee previously produced by Sumitomo indicated that that employee was not knowledgeable as to circumstances relevant to the presently litigated is-

sues of notice and causation, but that Yano was (*see, Daniels v Otis El. Co.*, 236 AD2d 330; *Tolliver v New York City Hous. Auth.*, 225 AD2d 412). In view, however, of the disclosure to date and the fact that Yano is not in New York, plaintiff should bear the expenses of the deposition, including Yano's travel and lodging.

Plaintiffs are entitled to an order directing the building defendants' production of documents related to prior similar accidents, subsequent similar accidents, postaccident repairs or modifications, and related complaints and insurance claims, to the extent available and not previously produced (*see, Kaplan v Einy*, 209 AD2d 248; *cf., Yoon v Woolworth Co.*, 202 AD2d 575). To the extent building defendants claim that such materials are not available, plaintiff is entitled to a detailed statement, made under oath, by an employee or officer with direct knowledge of the facts as to the past and present status of the sought documents (*see, Wilensky v JRB Mktg. & Opinion Research,* 161 AD2d 761).

We have considered plaintiffs' other arguments and find them unavailing. Concur—Andrias, J. P., Saxe, Buckley and Friedman, JJ.