■ AISLINN HAMILTON, an Infant, by Her Parent and Natural Guardian, BERNIE HAMILTON, et al., Respondents, v NEW BRANFORD, INC., et al., Respondents. (And Other Actions.) AISLINN HAMILTON, an Infant, by Her Parent and Natural Guardian, BERNIE HAMILTON, et al., Respondents, v FAB INDUSTRIES Co., INC., Appellant, et al., Defendant. (And a Third-Party Action.) [735 NYS2d 22] —Order, Supreme Court, Bronx County (Michael DeMarco, J.), entered March 13, 2000, which, to the extent appealed from as limited by the brief, denied defendant-appellant Fab Industries Co.'s motion for summary judgment premised on a spoliation of evidence claim, unanimously affirmed, without costs.

The infant plaintiff allegedly sustained serious burn injuries when the sleep garment she was wearing, made with material manufactured by appellant, caught fire. Appellant was not entitled to a spoliation of evidence sanction based on the circumstance that the remaining remnant of the subject sleep garment is insufficient to permit testing pursuant to Federal children's sleepwear flammability standards. Appellant never sought to test the garment, even though it was produced by plaintiffs for appellant's inspection, and plaintiffs, in opposing appellant's motion, submitted evidence that the garment remnant produced is all that remains after the fire (*see, Longo v Armor El. Co.*, 278 AD2d 127, 128).

Tests performed by plaintiffs' expert upon an exemplar garment purchased by plaintiffs in contemplation of litigation do not constitute spoliation of evidence and, in any event, appellant failed to establish that plaintiffs' failure to preserve the exemplar garment in its original condition will prevent it from presenting a defense (*see, Longo v Armor El. Co., supra*, at 128), or that plaintiffs' expert used more of the garment than was necessary to perform his tests (*see, Sage Realty Corp. v Proskauer Rose*, 275 AD2d 11, 17-18). Concur—Sullivan, P. J., Rosenberger, Williams, Tom and Friedman, JJ.