■ CARMEN MERCADO, Appellant, v ST. ANDREWS HOUSING DEVELOPMENT FUND COMPANY, INC., et al., Respondents. [734 NYS2d 436] —Order, Supreme Court, Bronx County (Michael DeMarco, J.), entered November 13, 2000, which, insofar as appealed from, denied plaintiff's motion for an order compelling production of subsequent inspection, maintenance and/or repair records, and for an order directing that, should these records be unavailable, defendants produce an affidavit to that effect, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, plaintiff's motion granted and defendants directed to produce the requested records or, if the records are unavailable, to submit an affidavit to that effect.

In this slip-and-fall case, where the alleged defective condition of the sidewalk on the date of the alleged accident, as well as defendants' notice of same, cannot otherwise be proven, plaintiff is entitled to seek discovery in the form of defendants' records of any repairs or modifications made subsequent to that date (see, Longo v Armor El. Co., 278 AD2d 127, 129; Kaplan v Einy, 209 AD2d 248, 252). Should such records be unavailable, plaintiff is entitled to "a detailed statement, made under oath, by an employee or officer with direct knowledge of the facts as to the past and present status of the disputed documents" (Longo, supra, at 129, citing Wilensky v JRB Mktg. & Opinion Research, 161 AD2d 761). We find defendants' preservation arguments to be without merit. Concur—Rosenberger, J. P., Williams, Wallach, Lerner and Saxe, JJ.