■   LESLIE SAIIA, Appellant, v CITY OF NEW YORK, Respondent. [771 NYS2d 12]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered July 26, 2002, which, in an action for personal injuries allegedly caused by an icy condition in a playground owned and operated by defendant City, denied plaintiff's motion to compel defendant to produce a further witness for examination before trial and further documents for discovery and inspection, unanimously modified, on the facts, to direct defendant to produce for deposition Crew Chief Kelly, and otherwise affirmed, without costs.

Defendant should produce Crew Chief Kelly, who, according to the witness that defendant did produce, was probably present at the playground supervising snow removal on both the day before and day of the accident. While the witness produced by defendant was able to explain defendant's records and, on the basis thereof, generally describe the snow removal techniques likely used in the playground where plaintiff fell, his lack of personal knowledge left open many material questions, including the condition of the path where plaintiff fell at the time defendant's employees last undertook snow removal prior to the accident, the equipment they used and whether it was then snowing (*see Tolliver v New York City Hous. Auth.*, 225 AD2d 412 [1996]; *Tucciarone v Windsor Owners Corp.*, 306 AD2d 162

[2003]). Plaintiff's motion was properly denied in all other respects. She has received the Crew Chief's activity logs for the four-day period immediately prior to the accident, including the day of the accident. Plaintiff has failed to demonstrate how the logs, which go back for a period of 17 days before the accident, would be relevant or useful (*see Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406-407 [1968]). Concur—Tom, J.P., Williams, Marlow and Gonzalez, JJ.