EUGENE STOLOWSKI et al., Plaintiffs, and EILEEN BELLEW, Individually and as Administratrix of the Estate of JOHN G. BELLEW, Deceased, et al., Respondents, v 234 EAST 178TH STREET LLC, Appellant, et al., Defendant. EUGENE STOLOWSKI et al., Respondents, v 234 EAST 178TH STREET, LLC, Appellant, et al., Defendant. (And Other Actions.) [933 NYS2d 232]—

Defendant bears the burden of establishing by clear and convincing evidence that it is entitled to an offset for any collateral source payment that represents reimbursement for a category of loss that corresponds to a category of loss for which damages are awarded in this action (*see* CPLR 4545; *Oden v Chemung County Indus. Dev. Agency*, 87 NY2d 81 [1995]). Thus, disclosure of the death benefits that were or will be received by plaintiffs Bellew and Meyran is material and necessary in defense of this action (*see* CPLR 3101). The collateral source hearing at which a defendant has the opportunity to make the above showing is held after a verdict has been rendered in the plaintiff's favor. However, "[p]retrial discovery is available so defendants can acquire information and documents that may later be used to support a motion for a collateral source hearing" (*Firmes v Chase Manhattan Auto. Fin. Corp.*, 50 AD3d 18, 35 [2008], *lv denied* 11 NY3d 705 [2008]).

The records of defendant's post-fire repairs and remedial measures do not fall within any of the recognized exceptions to the general rule that evidence of post-accident repairs is generally inadmissible and may never be admitted to prove an admission of negligence (*see Fernandez v Higdon El. Co.*, 220 AD2d 293 [1995]). Contrary to plaintiffs' contentions, "general credibility impeachment" is not an exception. Control is not at issue here since defendant concedes that it owns the premises (*see Hyman v Aurora Contrs.*, 294 AD2d 229 [2002]). The fire

department's full investigation of the fire, which produced diagrams and photographs, provides evidence of the existence of a defective condition (compare *Mercado v St. Andrews Hous. Dev. Fund Co.*, 289 AD2d 148 [2001] [plaintiff entitled to seek disclosure of post-accident repairs or modifications where defective condition of sidewalk could not be proven otherwise]; *Longo v Armor El. Co.*, 278 AD2d 127 [2000] [same; parts removed during repair of defective elevator were discarded]). Concur—Andrias J.P., Friedman, DeGrasse, Freedman and Manzanet-Daniels, JJ.