Order, Supreme Court, New York County (Richard E Braun, J.), entered May 24, 2012, which, insofar as appealed from as limited by the briefs, denied plaintiffs motion to compel defendants to provide five years of past repair and incident records and one year of subsequent remedial measure and incident records, unanimously modified, on the law and the facts, to permit plaintiff discovery of repair and incident records for a three-year period preceding the accident, through and including records of the subsequent incident on November 15, 2005, and otherwise affirmed, without costs.
“Supreme Court is vested with broad discretion to supervise disclosure and ... its orders in this regard should not be disturbed absent an abuse of that discretion” (Daniels v City of New York, 291 AD2d 260, 260 [1st Dept 2002]). However, limiting disclosure of materials on the issue of prior notice to one year unduly restricts a plaintiffs right to discovery (id.). Generally, three years is an appropriate time frame concerning the exchange of past notice evidence (see Freeman v Hertzoff, 179 AD2d 363 [1st Dept 1992]; Matos v City of New York, 78 AD2d 834 [1st Dept 1980]).
The motion court here improvidently exercised its discretion in limiting plaintiffs discovery of defendants’ records for one year prior to the accident, and plaintiff is entitled to Engineer on Duty Reports, Manager on Duty Reports, and Incident Reports involving rooms 1002 or 1012 for a three-year period preceding the accident through and including records of the post-accident incident on November 15, 2005, to the extent those documents are still available. Defendants submitted sufficient evidence that the other documents sought were previously destroyed in the ordinary course of business.
However, the court correctly found that records of defendants’ alleged post-accident remedial measures do not fall within any of the recognized exceptions to the general rule that evidence of post-accident repairs is generally inadmissible and may never be admitted to prove an admission of negligence (Stolowski v 234 E. 178th St. LLC, 89 AD3d 549 [1st Dept 2011]). Thus, they are not discoverable.
We have considered plaintiffs remaining arguments and find them unavailing. Concur — Friedman, J.E, Sweeny, Acosta and Manzanet-Daniels, JJ.