Arias v Stonhard, Inc. (2020 NY Slip Op 06944)





Arias v Stonhard, Inc.


2020 NY Slip Op 06944


Decided on November 24, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 24, 2020

Before: Renwick, J.P., Kapnick, Gesmer, Kern, JJ. 


Index No. 301716/08 Appeal No. 12477 Case No. 2020-00971 

[*1]Cesar Arias, Plaintiff-Respondent,
v
Stonhard, Inc., et al., Defendants-Appellants.


Herzfeld & Rubin, P.C., New York (Michael B. Sena of counsel), for Stonhard, Inc., appellant.
Mauro Lilling Naparty, LLP, Woodbury (Seth M. Weinberg of counsel), for Surfacesys, Inc., appellant.
Spiegel & Barbato, LLP, Bronx (Brian C. Mardon of counsel), for respondent.



Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about December 23, 2019, which denied defendants' motions for summary judgment, unanimously reversed, on the law, without costs, the motions granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.
Plaintiff testified that he slipped while working in the kitchen of a hotel, due to slippery flooring material that had just been installed. He stated that the floor was dry, but the flooring [*2]did not "grip," and the layers were not properly installed. There is no dispute that the flooring materials, which were manufactured by Stonhard, were selected by the hotel, and that Surfacesys installed them based on Stonhard's specifications and the hotel's instructions.
Absent competent evidence of a defect in the surface or some deviation from an applicable industry standard, liability is not imposed for a slippery floor (see Murphy v Connor, 84 NY2d 969, 971-972 [1994]; Kalish v HEI Hospitality, LLC, 114 AD3d 444, 445 [1st Dept 2014]). Here, all of the experts stated that the flooring was at least in the "acceptable" range for slip resistance using industry standards. Moreover, plaintiff failed to present any evidence raising an issue of fact concerning improper installation or defective materials. Evidence of subsequent repairs or remediation is not admissible, unless there is an issue of control or an alleged defect in manufacture, not present here, and does not create an issue of fact as to prior negligence (see Stolowksi v 234 E 178th St. LLC, 89 AD3d 549 [1st Dept 2011]). The different textures of the flooring used in different portions of the floor was not a proximate cause of the accident because it is undisputed that the area where plaintiff fell had a uniform texture and plaintiff did not testify that he walked in the area with a greater level of slip resistance. In any event, the hotel determined what texture level to utilize, not defendants, and plaintiff failed to present evidence that the texture level utilized on the floor was inappropriate.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 24, 2020