Henriquez-Rodriguez v 160 W. 118th St. Corp. (2021 NY Slip Op 02601)





Henriquez-Rodriguez v 160 W. 118th St. Corp.


2021 NY Slip Op 02601


Decided on April 29, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 29, 2021

Before: Webber, J.P., Singh, González, Shulman, JJ. 


Index No. 23380/14 Appeal No. 13689-13689A Case No. 2019-5774, 2019-01683 

[*1]Jean Henriquez-Rodriguez, Plaintiff-Respondent-Appellant,
v
160 West 118th Street Corp., Defendant-Appellant-Respondent, Scott Metzner, Defendant.[And a Third-Party Action.]


Shaub Ahmuty Citrin & Spratt, LLP, Lake Success (Christopher R. Theobalt of counsel), for appellant-respondent.
Diamond and Diamond LLC, Brooklyn (Stuart Diamond of counsel), for respondent-appellant.



Judgment, Supreme Court, Bronx County (Wilma Guzman, J.), entered August 21, 2019, after a jury trial, awarding plaintiff the principal sum of $3,770,286.11, and order, same court and Justice, entered July 2, 2019, which, insofar as appealed from as limited by the briefs, denied the motion of defendant 160 West 118th Street Corp. (defendant) to set aside the verdict for past and future lost earnings and past and future pain and suffering, and for a collateral source hearing and related discovery, and denied plaintiff's cross motion for additur to his award as to future pharmaceutical expenses, unanimously modified, on the law and the facts, to the extent of setting aside the award for past and future lost earnings pursuant to CPLR 4404, and remanding for a new trial on past and future lost earnings unless plaintiff stipulates, within 30 days of this Court's order, to a reduction of the awards for past and future lost earnings to $102,000 and $452,200, and otherwise affirmed, without costs.
The witnesses' testimony did not establish plaintiff's lost wages "with reasonable certainty" (Man-Kit Lei v City Univ. of N.Y., 33 AD3d 467, 468 [1st Dept 2006], lv denied 8 NY3d 806 [2007]). While plaintiff was paid a daily wage, there was no clear testimony or other evidence as to how many days he worked per week or per year. Accordingly, we calculate his lost earnings based on the mean of his gross income on his tax returns prior to the accident (cf. Bielich v Winters, 95 AD2d 750 [1st Dept 1983]; see also Petrilli v Federated Dept. Stores, 40 AD3d 1339 [3d Dept 2007]). Since plaintiff's gross income reflected on his 2011 and 2012 tax returns established his lost earnings with reasonable certainty, his award should be reduced to $17,000 multiplied by 6 and 26.6 years, which equals $102,000 and $452,200 for past and future lost earnings, respectively.
Defendant's arguments that the court should have precluded plaintiff's tax returns for lack of authentication are unpreserved, since defendant objected only on relevance grounds at trial. Were we to review them, we would find them unavailing. Accordingly, any error in the court's admission of plaintiff's Form 1099 as to the year 2011 was not prejudicial.
The awards of $550,000.00 and $1,500,00.10 for past and future pain and suffering, respectively, did not deviate materially from reasonable compensation for plaintiff's injuries, including a fracture to his dominant wrist which never healed, limited the range of motion in his wrist and hand, and required two surgeries, one of which was unsuccessful. The testimony was also that plaintiff sustained two bulging lumbar discs. Plaintiff, who was 28 at the time of his accident and almost 34 at the time of the verdict, testified that he was in constant pain, and that he always wore a wrist brace and a back brace. His injuries restricted his everyday tasks such as cleaning and caring for his children. His doctors opined that he would never be able to perform even sedentary [*2]work, that his pain would be permanent, that he would require further surgery, and that he would need to resume using a cane in the future (see Mata v City of New York, 124 AD3d 466, 467 [1st Dept 2015]; see also Waring v Sunrise Yonkers SL, LLC, 134 AD3d 488, 490 [1st Dept 2015]).
The court properly denied defendant's request for a collateral source hearing and related discovery, as there is insufficient evidence on this record to establish defendant's entitlement to such a hearing (see Oden v Chemung County Indus. Dev. Agency, 87 NY2d 81 [1995]; Stolowski v 234 E. 178th St. LLC, 89 AD3d 549, 549 [1st Dept 2011]). No "unusual or unanticipated circumstances warranted defendant to seek posttrial discovery" (Fabiano v State of New York, 170 AD3d 1301, 1303 n [3d Dept 2019] [internal quotation marks omitted], citing Stolowski, 89 AD3d at 549]).
Plaintiff is not entitled to additur for future pharmaceutical expenses. There is no basis for disturbing the jury's apparent decision not to credit the testimony as to such expenses (see Stanford v Rideway Corp., 161 AD3d 505 [1st Dept 2018]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 29, 2021