Poplawski v 111 Wall St. LLC (2022 NY Slip Op 07207)

Poplawski v 111 Wall St. LLC

2022 NY Slip Op 07207

Decided on December 20, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 20, 2022

Before: Manzanet-Daniels, J.P., Oing, Singh, Scarpulla, Pitt-Burke, JJ. 

Index No. 162081/19, 595655/20 Appeal No. 16950 Case No. 2022-00281 

[*1]Timothy Poplawski, Plaintiff-Appellant,
v
111 Wall Street LLC et al., Defendants-Respondents. 230 Central Co., LLC et al., Defendants. [And a Third-Party Action] 

The Perecman Firm, P.L.L.C., New York (Peter D. Rigelhaupt of counsel), for appellant.
Tyson & Mendes LLP, New York (Bryan J. Ferrara of counsel), for 111 Wall Street LLC, Cushman & Wakefield, Inc., and Citigroup Technology, Inc., respondents.
Kaufman Dolowich Voluck, LLP, White Plains (Melissa C. Cartaya of counsel), for ThyssenKrupp Elevator Corporation, respondent.

Order, Supreme Court, New York County (Phillip Hom, J.), entered on or about December 20, 2021, which granted defendants 111 Wall Street LLC, Cushman & Wakefield, Inc., Citigroup Technology, Inc.'s and ThyssenKrupp Elevator Corporation's respective motions to vacate the court's June 11, 2021 preliminary conference order directing defendants to produce post-accident elevator repair records, unanimously affirmed, without costs.
In this action in which plaintiff alleges that he sustained personal injuries when the elevator in which he was descending entered into a free fall and stopped abruptly, the court providently exercised its discretion in vacating its preliminary conference order which directed defendants to provide plaintiff with post-accident elevator repair records. Evidence concerning post-accident repairs is generally inadmissible absent certain exceptions and is never admissible as proof of admission of negligence (Kaplan v Einy, 209 AD2d 248, 252 [1st Dept 1994]). The exceptions to the general rule are not applicable here, as there is no issue of control or claim of manufacturing defect (see Fernandez v Higdon El. Co., 220 AD2d 293, 293 [1st Dept 1995]). Furthermore, the condition of the elevator on the date of plaintiff's accident can be proven without the post-accident repair records (see Stolowski v 234 E. 178th St. LLC, 89 AD3d 549, 549-550 [1st Dept 2011]), and thus plaintiff is not entitled to disclosure of those records.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 20, 2022