Lamerique v Columbia Univ. (2024 NY Slip Op 04816)

Lamerique v Columbia Univ.

2024 NY Slip Op 04816

Decided on October 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2024

Before: Kern, J.P., Oing, Kapnick, Shulman, JJ. 

Index No. 161478/21 Appeal No. 2691 Case No. 2024-01570 

[*1]Catriona Lamerique, Plaintiff-Appellant,
v
Columbia University, et al., Defendants-Respondents.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Rivkin Radler LLP, New York (Henry Mascia of counsel), for respondents.

Order, Supreme Court, New York County (Eric Schumacher, J.), entered on or about February 13, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion to strike the answer as a sanction for failing to provide court-ordered discovery or to compel defendants to provide discovery regarding postaccident repairs, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in denying plaintiff's CPLR 3124 motion to compel discovery of postaccident repairs made to the exterior granite staircase of Dodge Hall at Columbia University, where plaintiff alleges that she tripped and fell on a gap in one step. Plaintiff failed to demonstrate that evidence of the postaccident repairs would be admissible or lead to discovery of admissible evidence (see Cook v HMC Times Sq. Hotel, LLC, 112 AD3d 485, 485 [1st Dept 2013]; Stolowski v 234 E. 178th St. LLC, 89 AD3d 549, 549 [1st Dept 2011]). This is not a case in which postaccident repair records are the only means of proving the defective condition of the accident location (see Mercado v St. Andrews Hous. Dev. Fund Co., 289 AD2d 148, 148 [1st Dept 2001]), because plaintiff will be able to prove the condition through her own testimony, the testimony of defendant's project manager, and the photographs taken by the project manager within days before the accident (see Poplawski v 111 Wall St. LLC, 211 AD3d 593, 593 [1st Dept 2022]; Stolowski, 89 AD3d at 549).
Although plaintiff now argues that preaccident and postaccident investigative records, as opposed to postaccident repair records, are discoverable, she did not raise that argument previously and it does not present a pure question of law that is evident from the face of the record (see e.g. Salodkaya v City of New York, 193 AD3d 604, 605 [1st Dept 2021]). In any event, there is no indication that any investigation was undertaken in connection with plaintiff's accident and plaintiff does not articulate any need for documents relating to defendants' long-planned postaccident repair of the entire staircase.
Under the circumstances, Supreme Court providently exercised its discretion in denying plaintiff's CPLR 3126 motion to strike the answer. Although defendants' response to plaintiff's discovery demands was slightly belated, they became current on their disclosure obligations before plaintiff's motion, and any failures were not sufficiently egregious to warrant the drastic remedy of striking the answer (see Lane v City of New York, 210 AD3d 502, 503 [1st Dept 2022]). Finally, plaintiff made no showing that defendants' failure to provide the documents regarding the postaccident surveys, probes, and photographs was willful and contumacious because she made no showing of entitlement to that discovery.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2024