| |
|---|
| **Jimenez v Fifty Broad St. Inc.** |
| 2025 NY Slip Op 30699(U) |
| March 3, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 151808/2021 |
| Judge: Judy H. Kim |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. JUDY H. KIM**                                    PART          **04**

*Justice*

-----------------------------------------------------------------------------X

WALDEMAR F. JIMENEZ, JAMES GALLAGHER,

                    Plaintiffs,

              - v -

FIFTY BROAD STREET INC.,CENTENNIAL ELEVATOR
INDUSTRIES INC.,CUSHMAN & WAKEFIELD, INC.,

                    Defendants.

-----------------------------------------------------------------------------X

FIFTY BROAD STREET INC., CUSHMAN & WAKEFIELD,
INC.

                  Third-Party Plaintiffs,

             -against-

GUARDIAN SERVICE INDUSTRIES, INC.

                  Third-Party Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 151808/2021 |
| **MOTION DATE** | 10/23/2024 |
| **MOTION SEQ. NO.** | 007 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595846/2021

The following e-filed documents, listed by NYSCEF document number (Motion 007) 233, 234, 235, 236, 237, 238, 239, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255

were read on this motion for                                    DISCOVERY                                    .

    Upon the foregoing documents, plaintiffs' motion to compel is granted.

    During the events at issue in this litigation, plaintiffs were employed as porters at 50 Broad Street in Manhattan (the "Building") by third-party defendant Guardian Service Industries, Inc. Defendant Fifty Broad Street, Inc. owns the Building and defendant Cushman and Wakefield, Inc. is the property manager for the Building. Plaintiffs allege that on July 21, 2020, plaintiff James Gallagher was injured at the Building when the elevator he was in unexpectedly reversed course, descended, and came to a sudden stop. They further allege that plaintiff Waldemar Jimenez was

151808/2021   JIMENEZ, WALDEMAR F. vs. FIFTY BROAD STREET INC. ET AL          Page 1 of 4
Motion No.  007

1 of 4

injured the next day in the same elevator under the same circumstances. While each plaintiff initially filed separate actions, these claims were consolidated by so-ordered stipulation.

Plaintiff now moves to compel defendants Centennial Elevator Industries, Inc., Fifty Broad Street, Inc. and Cushman & Wakefield, Inc. to produce records of post-July 22, 2020 repair, maintenance, and inspection of the subject elevator. They also seek to compel defendants to confirm that all records of elevator repair, maintenance and inspection for the period between plaintiffs' respective injuries have been exchanged or, if they have not, directing that they produce such records. Plaintiffs argue that evidence of the post-July 22, 2020 repairs are discoverable because they were unable to inspect the elevator before repairs were made on or about July 24, 2020, as evidenced by an email of same date from Centennial Elevator employee Richard Cacioppo to Centennial Elevator employee Joe Sena and 50 Broad Street's building Manager Joseph Glover, in which Cacioppo wrote:

> We found high resistance intermittently across the lock circuit. This circuit feeds the brake garvac and when the resistance would build we would have the brake drop and stop the car in flight giving a sudden stop feeling when riding the car. We hadn't lost enough voltage to drop the door lock input but enough for the garvac to drop the brake thus no door lock faults and why we believed initially it was a brake issue only getting braje dropped faults. At no time had the elevator free fell and wouldn't have done so in the past weeks or there would have had a number of other physical safteys [sic] engage as well as faults on the cpu to indicate such. <u>We're having the route mechanic and helper go through and replace any questionable interlock contacts throughout the shaft</u> and will test run until we feel the car is 100%. Most likely return mid day Monday or start of day Tuesday.

(NYSCEF Doc No. 239 [emphasis added])

Defendants oppose the motion, arguing that none of the three grounds permitting the production of post-incident repairs applies here and that plaintiffs have not established that any records of repairs between plaintiff's incidents even exist.

**151808/2021   JIMENEZ, WALDEMAR F. vs. FIFTY BROAD STREET INC. ET AL**   **Page 2 of 4**
**Motion No.  007**

2 of 4

## DISCUSSION

Plaintiff's motion is granted. While evidence concerning post-accident repairs is generally inadmissible (*see Poplawski v 111 Wall St. LLC*, 211 AD3d 593, 593-94 [1st Dept 2022]), there are three exceptions to the general rule where there is: (1) an issue of control; (2) a claim of manufacturing defect; or (3) such records are necessary to establish the condition of the elevator on the date of plaintiff's accident (*id.* citing *Stolowski v 234 E. 178th St. LLC,* 89 AD3d 549, 549–550 [1st Dept 2011]). Plaintiffs argue that the third exception applies here. The Court agrees.

Cacioppo's email documents that repairs were performed as of July 24, 2020, and indicates that further repairs were made in the days thereafter. As any such repairs were well prior to the parties January 10, 2023 inspection of the subject elevator, evidence of the nature of these repairs is discoverable to determine the condition of the elevator prior to the accidents at issue. Defendants' argument that this email suggests, at most, a minor repair was made that would not interfere with plaintiffs' ability to evaluate the pre-accident condition of the elevator, is entirely speculative. Finally, to the extent Cacioppo's email indicates that a post-incident inspection of the elevator was conducted, records of such a post-incident inspection are discoverable (*see Silverman v Brady LLC*, 161 AD3d 432 [1st Dept 2018]).

That branch of plaintiffs' motion which seeks to compel defendants to produce records of any repairs made between plaintiffs' incidents is also granted. There is no dispute that such records are relevant and discoverable. To the extent defendants argue that the motion should be denied because plaintiffs have not established that these records exist, it is not plaintiff's burden to do so. Accordingly, any such records in defendants' possession are to be produced (*see Longo v Armor El., Co., Inc.*, 278 AD2d 127, 129 [1st Dept 2000]). Of course, whether these records will,

**151808/2021   JIMENEZ, WALDEMAR F. vs. FIFTY BROAD STREET INC. ET AL**
**Motion No.  007**

**Page 3 of 4**

ultimately, be admissible remains a question to be resolved at trial (*see Francklin v New York El. Co., Inc.*, 38 AD3d 329 [1st Dept 2007]).

Accordingly, it is

**ORDERED** that plaintiffs' motion to compel is granted; and it is further

**ORDERED** that plaintiffs shall, within five days of the date of this decision and order, serve a copy of same, with notice of entry, upon defendants.

**ORDERED** that defendants shall, on or before April 18, 2024, produce all records of: (1) inspection and repairs performed between Gallagher's accident on July 21, 2020 and Jimenez's accident on July 22, 2020; and (2) post-July 22, 2020 inspection and repairs of the subject elevator performed prior to the parties' inspection on January 10, 2023; and it is further

**ORDERED** that the parties are to appear for a conference in Part 4 (80 Centre Street, room 308) on April 24, 2025, at 9:30 a.m., as previously scheduled.

This constitutes the decision and order of the Court.

_____3/3/2025_____
**DATE**

_____
**HON. JUDY H. KIM, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**151808/2021  JIMENEZ, WALDEMAR F. vs. FIFTY BROAD STREET INC. ET AL**
**Motion No. 007**

**Page 4 of 4**

[* 4]